■ In the Matter of JUDY H., a Person Alleged to be a Juvenile Delinquent, Appellant.— Order of Family Court of the State of New York, Bronx County, entered on December 18, 1970, adjudging appellant a juvenile delinquent, reversed, on the law and in the exercise of discretion, and vacated, without costs and without disbursements, and the proceedings remanded to the Family Court, Bronx County, for a hearing *ab initio.* In remanding, we take the step with considerable reluctance and with no criticism of the presiding Judge, who clearly presided with patience and patent expertise. Indeed, we recoil from the necessity of another trial and are of the belief that the law guardian might have considered the feasibility of going forward, after a short recess, wherein he could have acquainted himself with the simplistic issues involved. And we have every confidence the surrogate guardian could have coped with the short and simple hearing in a most creditable manner. This is particularly so since the matter had been repeatedly adjourned before, albeit largely at the request of a correspondent. But the Law Guardian unyieldingly stood on his rights, refusing to participate, giving as his reason an accident which had befallen the Law Guardian in charge of the case. And we are aware of the commendable practice that each juvenile have one attorney who remains with his case throughout the Family Court proceeding. This is but a practicable extension of the *Gault* doctrine, and consistently, we have countenanced short adjournments, for good cause shown, in the case of juvenile delinquents, to the end that the juvenile will not be deprived of the effective assistance of counsel. (Cf. *Matter of Gary T.*, 29 A D 2d 980; *Matter of Henry S.*, 33 A D 2d 672; *Matter of Francisco S.*, 36 A D 2d 810.) Our reversal herein is but consonant with these precedents, although we grieve that another, and perhaps unnecessary, hearing is thrust upon an already overburdened court. Concur — Capozzoli, J. P., McGivern, Nunez and Macken, JJ.; McNally, J., dissents in the following memorandum: I dissent and vote to affirm. A denial of the application for an adjournment so that other counsel could appear, coupled with a claim of unpreparedness, was not, in my opinion, an abuse of discretion. The facts were not complicated. If the case had been properly prepared before the

date set for trial, then certainly a substitute law guardian given a brief recess might well have 'proceeded with the trial.