■ In the Matter of ANGEL F., a Person Alleged to be a Juvenile Delinquent.—Order unanimously reversed on the law without costs and matter remitted to Monroe County Family Court for further proceedings, in accordance with the following Memorandum: We reject respondent's argument that the evidence was insufficient to support Family Court's determination that he committed acts, which if committed by an adult, would constitute the crimes of sodomy and menacing. Respondent, by failing to request the suppression hearing prior to the second fact-finding hearing, has failed to preserve for review the argument that he was entitled to a new suppression hearing. Moreover, respondent's challenge to Family Court's suppression determination was rejected by this Court on a prior appeal (see, Matter of Angel F., 166 AD2d 890); consequently, respondent was not entitled to a de novo hearing on the admissibility of his statements (see, 5 NY Jur 2d, Appellate Review, § 524, at 54-55).

We conclude, however, that Family Court abused its discretion by denying the Law Guardian's request for an adjournment. On November 7, 1990, at the first court appearance after this matter was remitted to Family Court for a new fact-finding hearing, Family Court scheduled a hearing for November 21, 1990. The Law Guardian, who had no prior involvement with the case, requested an adjournment. He told the court that he had not yet communicated with his client, who was placed with the Division for Youth as the result of another adjudication and had to be transported in to consult with him. Moreover, the Law Guardian stated that he was scheduled to be on vacation on November 21 and would not return until November 26. Over the Law Guardian's continuing objection, Family Court scheduled the fact-finding hearing for November 27, 1990, and refused all further requests for an adjournment. Family Court articulated no pressing reason why the case had to be heard so quickly. In our view, forcing an unprepared Law Guardian to proceed to a fact-finding hearing in this very serious case was an abuse of discretion requiring reversal and a new fact-finding hearing (see, Matter of Judy H., 37 AD2d 806; Matter of Francisco S., 36 AD2d 810). (Appeal from Order of Monroe County Family Court, Kohout, J.—Juvenile Delinquency.) Present—Denman, P. J., Doerr, Green, Balio and Lawton, JJ.