■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES E. HUGHES, Appellant.—Appeal from a judgment of the County Court of Tompkins County, rendered December 30, 1975, upon a verdict convicting defendant of the crime of attempted robbery in the second degree. At the trial of this case the defendant and the People presented substantially

different versions of the incident which led to this conviction. The alleged victim of the crime, Douglas Dickerson, testified that while he was walking down a street in the City of Ithaca, at about 12:30 A.M. on October 26, 1974, he was approached by the defendant and one Walter Stowe and that, without provocation, he was grabbed and struck by the defendant. During the course of the struggle, the defendant allegedly reached into Dickerson's pocket in an attempt to steal his wallet. Mr. Stowe testified that the incident was instigated by Mr. Dickerson's use of a racial epithet, that Mr. Dickerson and the defendant were merely fighting and that defendant did not attempt to steal the wallet. Defendant did not take the stand. The only other witness was police officer David Barnes of the Ithaca Police Department,.called by the prosecution. The sole question presented on this appeal is whether the trial court erred in permitting officer Barnes to testify that upon his arrival at the scene Mr. Dickerson "pointed to Hughes and said, 'he tried to lift my wallet' ". We are of the view that this statement, uttered before the officer even got out of his car, was admissible as a spontaneous declaration. "It is established that spontaneous declarations made by a participant while he is under the stress of nervous excitement resulting from an injury or other startling event, while his reflective powers are stilled and during the brief period when considerations of self-interest could not have been brought fully to bear by reasoned reflection and deliberation, are admissible as true exceptions to the hearsay rule" *(People v Caviness,* 38 NY2d 227, 230, see, also, Richardson, Evidence [10th ed], § 281; *People v Del Vermo,* 192 NY 470). In addition, the primary issue for the jury was a weighing of the credibility of Dickerson and Stowe.. Although the statement in question would have had some effect on this issue, we do not believe that, even assuming it was improperly admitted into evidence, its effect in the context of the entire trial was sufficiently prejudicial to bring its admission beyond the purview of harmless error. Judgment affirmed. Greenblott, J. P., Sweeney, Main, Larkin and Herlihy, JJ., concur.