■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAWRENCE W. HEAVLIN, Appellant.—Appeal from judgments of the County Court of Chemung County, rendered April 9, 1976, convicting defendant on his pleas of guilty of the crimes of criminal possession of stolen property in the second degree and burglary in the third degree. The propriety of defendant's conviction for possessing stolen property is not challenged on this appeal and, insofar as the sentence therefor is concerned, we find no abuse of discretion committed by the trial court in imposing a term consistent with the plea negotiations and which defendant understood he would receive. As to the separate burglary conviction, we agree with the trial court's determination that the search warrant was issued on sufficient probable cause and that the confession given by defendant following its execution was not obtained by any promise creating a substantial risk that he might falsely incriminate himself. The concurrent sentence for this conviction was likewise in accordance with the plea negotiations and we perceive no reason to disturb it. Judgments affirmed. Koreman, P. J., Greenblott, Kane, Mahoney and Main, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALBERT L. DAVENPORT, Appellant.—Appeal from a judgment of the County Court of Albany County, rendered July 19, 1976, convicting defendant upon his plea of guilty to the crime of sodomy in the first degree, and sentencing him to an indeterminate term of imprisonment not to exceed 25 years. As a result of an incident involving a 13-year-old girl, defendant was indicted by the June 1976 Term of the Albany County Grand Jury for the crimes of rape in the first degree (Penal Law, § 130.35, subd 1) and sodomy in the first degree (Penal Law, § 130.50, subd 1). Subsequently, he pleaded guilty to the sodomy charge in full satisfaction of the indictment, and an indeterminate term of imprisonment not to exceed 25 years was imposed by the County Court. Defendant contends that his sentence was excessive and severe. We find no merit in this contention in view of the circumstances including a prior record and the heinous nature of the crime of which he stands convicted. Judgment affirmed. Koreman, P. J., Greenblott, Sweeney, Kane and Mahoney, JJ., concur.