◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LARRY DE BERRY, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered January 6, 1978, convicting him of rape in the first and second degrees, sodomy in the first and second degrees, and endangering the welfare of a child, upon a jury verdict, and imposing sentence as a second felony offender. By order dated December 17, 1978, the case was remitted to Criminal Term for a hearing on the question of whether defendant had been advised of his right to a trial by jury when he pleaded guilty in 1962 and the appeal has been held in abeyance in the interim *(People v De Berry*, 73 AD2d 652). Criminal Term has complied and rendered a report in accordance therewith. Judgment affirmed. At the hearing held pursuant to this court's prior order, the prosecutor established that defendant's challenge to his prior conviction was unfounded. Defendant also contends that the requirements of section 130.16 of the Penal Law were not satisfied with respect to the charge of sodomy in the second degree. The evidence adduced at trial established that on December 1, 1976, defendant took the 13-year-old victim to a room in a rooming house, where he engaged in sexual intercourse with her twice by forcible compulsion and forced her to perform an act of fellatio. The victim's account was corroborated by (1) her mother's testimony that defendant was with her that evening, (2) the testimony of a cab driver that he drove defendant and a young girl to the vicinity of the rooming house, (3) the introduction into evidence of the rooming house register which defendant had signed with his and the victim's first names, (4) the testimony of a doctor at Queens General Hospital that there was sperm in the victim's vagina, trauma to her hymenial ring, and a small hematoma at the bottom posteria portion of the vagina, consistent with forcible sexual intercourse, and (5) the fact that semen was found on the victim's panties. Defendant asserts that the corroborative evidence did not tend to establish that he attempted to engage the victim specifically in the act of fellatio. However, the corroboration requirements of section 130.16 of the Penal Law may be satisfied with circumstantial evidence and need not point to the particular form of sexual contact (see *People v Medina*, 44 NY2d 199). Consequently, we hold that the requirements of section 130.16 of the Penal Law were satisfied. We have examined the other issues raised by defendant and find them to be without merit. Titone, J. P., Mangano, Gibbons and Rabin, JJ., concur.