■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KARL AHLERS, Appellant. — Appeal from a judgment of the County Court of Ulster County (Vogt, J.), rendered August 25, 1982, upon a verdict convicting defendant of the crimes of sodomy in the first degree (two counts), sodomy in the second degree (one count), sodomy in the third degree (one count), sexual abuse in the first degree (three counts) and endangering the welfare of a child (two counts). Defendant was indicted on a 32-count indictment for the crimes of sodomy in the first, second, and third degrees, sexual abuse in the first degree, obscenity in the second degree and endangering the welfare of a child. Specifically, defendant was charged with engaging in various sexual activities with children ranging in ages from 7 to 16 either between December 25, 1980 and January 2, 1981, or during certain weekends between December, 1980 and July, 1981, and with possessing, with intent to promote, films depicting sexual activity between minors. At the close of trial, the eight obscenity counts were dismissed and defendant was found guilty of two counts of sodomy in the first degree, one count of sodomy in the second degree, one count of sodomy in the third degree, three counts of sexual abuse in the first degree and two counts of endangering the welfare of a child. This appeal followed. Initially, defendant contends that the evidence was insufficient to convict him of sodomy and sexual abuse because his involvement in the acts constituting these crimes was never corroborated as required by section 130.16 of the Penal Law. We disagree. Although the children explicitly described sexual acts with defendant occurring at times specified in the indictment, none of the children,

because of, for example, a lack of memory as to specific time or place, could specifically corroborate the other children's testimony. Nonetheless, considering the cumulative effect of all the children's testimony as a whole (see *People v Elliott,* 106 NY 288, 292; *People v De Vyver,* 89 AD2d 745, 747), we conclude that the corroboration requirement, which "may be satisfied with circumstantial evidence and need not point to the particular form of sexual contact" (*People v De Berry,* 76 AD2d 933), was satisfied. For example, Jimmy J. testified that he saw Charlie T. lying naked in the prone position on defendant's bed while defendant, also naked, was kneeling over Charlie. Jimmy further testified that he saw Freddy J. in bed with defendant, that Freddy and defendant were naked, and that he (Jimmy) was asked to leave. Freddy testified that he had oral sex with defendant at a time when Jimmy was in the room. This testimony tends to corroborate, albeit circumstantially, the fact that defendant had sexual contacts with these children. Furthermore, corroboration can be supplied by evidence of uncharged sex acts which are "related in nature, time, and *modus operandi*" (*People v Chandley,* 89 AD2d 740, 741) and which show "defendant's amorous designs upon the victim" (*People v De Vyver, supra,* p 747). In this case, Eddie T. testified that he saw Eddie J. and defendant have oral sex in Shandakan at a time prior to that charged in the indictment and Eddie J. verified that he had oral sex with defendant there. Considering the similarity of circumstances of the sexual contacts as discussed below, the uncharged act of sodomy between Eddie J. and defendant provides further corroboration. With corroboration of certain of the charged sex acts having been established as discussed above, it was permissible for the trier of fact to consider the common design of defendant's contacts with the children in determining what happened at other times (see *People v Pepper,* 89 AD2d 714, 717, affd 59 NY2d 353). In this case, the children described a green striped towel which was used to clean up after ejaculations. They also testified that the sexual contacts were conducted in defendant's room, on his bed, while both defendant and the child were naked and that they walked around defendant's apartment naked, a fact confirmed by the photos admitted into evidence. Additionally, the contacts occurred on weekends or during school vacations when defendant was visited by the children, who were from broken, inner-city homes and who were introduced to defendant by either their brother or cousin. Keeping in mind that the "corroborative evidence need not prove defendant's guilt to a moral certainty, but need simply harmonize with the victim's testimony in such a manner as to furnish the necessary connection between the defendant and the crime (*People v Kohut,* 30 NY2d 183, 193-194)" (*People v De Vyver, supra,* p 747), we conclude that, in conjunction with the circumstantial evidence reviewed above, these facts provide sufficient evidence of a common design that the trier of fact was justified in concluding that the acts for which defendant was convicted were adequately corroborated. We need only add that it was within the province of the trier of fact to credit the inculpatory testimony of Tanya T. and Charlie T. Likewise without merit is defendant's claim that his conviction on two counts of endangering the welfare of a child was not supported by the evidence. Jimmy J. testified that defendant asked him "to put [his] penis in [seven-year-old Tanya T.'s] privates", that he tried but was unable to do so, and that this activity occurred in defendant's bedroom on defendant's bed. Although Tanya T. testified that nobody told Jimmy J. to do such to her, she did describe the attempted intercourse as Jimmy had recounted and did state that defendant was present during the incident. Admittedly, the testimony of these children was less than ideal but, in light of Jimmy's testimony that defendant asked him to perform the act and Tanya's testimony that defendant was present during the act, we conclude that the trier of fact was justified in finding defendant guilty of two counts of

endangering the welfare of a child. It should be noted that the children were victims, not accomplices (see *People v Fielding,* 39 NY2d 607, 610-611), and that their respective testimony was sufficiently similar as to corroborate that of the other. Defendant's claim that certain counts of the indictment should have been dismissed due to insufficient evidence before the Grand Jury is without merit because the guilty verdicts on these counts were supported, as discussed above, by legally sufficient evidence at trial (CPL 210.30, subd 6). We also reject, in the absence of an abuse of discretion by the trial court, defendant's claim that his sentence should be modified. Judgment affirmed. Mahoney, P. J., Main, Casey, Yesawich, Jr., and Weiss, JJ., concur.