■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD PHILIPP, Appellant. — Appeal from a judgment of the County Court of Schoharie County (Lamont, J.), rendered June 22, 1983, upon a verdict convicting defendant of the crime of sodomy in the first degree.

On September 11, 1982, defendant was residing with his girlfriend, her son Peter, age 10 at the time of trial, and her twin daughters Gina and Janna, age seven, when he was arrested on charges of sodomizing Janna. He was taken to the State Police station in the Town of Duanesburg where, after being informed of his rights, he made an oral confession of guilt. Defendant also signed a written confession, which was witnessed by the Schoharie Town Justice.

On October 15, 1982, defendant was indicted on one count of first degree sodomy and one count of first degree sexual abuse. On January 12, 1983, following a *Huntley* hearing, County Court ruled that defendant's oral statement was admissible, but that the written confession was not, as it had been witnessed by a judicial officer.

On February 22, 1983, the original indictment was dismissed and defendant was again indicted, this time on two counts of first degree sodomy and one count of first degree sexual abuse. Defendant's motion to dismiss the second and third counts on the ground of vagueness was granted. However, his request for a new *Huntley* hearing was denied.

At trial, a New York State Police investigator testified regarding defendant's oral admission that he had compelled Janna to perform acts of oral intercourse on August 18, 1982 and on several previous occasions. Janna also gave unsworn testimony describing these acts. Her brother and father gave further testimony for the prosecution. Defendant was ultimately found guilty of first degree sodomy and was sentenced to a term of 6 to 18 years' imprisonment.

Defendant raises several issues on this appeal. First, he contends that there was insufficient corroborating evidence of his confession and of Janna's testimony on which to base his conviction. We cannot agree. As to defendant's confession, the corroboration requirement of CPL 60.50 has been held to be satisfied by the "production of some proof, of whatever weight, that a crime was committed by someone" (*People v Daniels,* 37 NY2d 624, 629). Here, the confession was corroborated by the testimony of Janna whose account of the crime charged was substantially similar to defendant's.

As to Janna's unsworn testimony, it was also sufficiently corroborated to satisfy the requirements of CPL 60.20 (subd 3), which calls for corroboration of the unsworn testimony of a child under 12 years of age, as well as to satisfy the requirements of section 130.16 of the Penal Law, which calls for corroboration of the testimony of the victim in a case where, as here, the conviction is based on a crime, the principal element of which is the victim's lack of capacity to consent. First, Janna's testimony was cross-corroborated by defendant's confession (see *People v Coleman,* 42 NY2d 500, 506). Such cross-corroboration is permitted in cases where, as here, the corroboration requirements of each statement are set forth in different statutes for different reasons (*id.*). In addition, it was corroborated by her brother Peter who testified that defendant had locked him out of the house while defendant was inside with Janna (see *People v Anderson,* 99 AD2d 560, 561).

We are also unpersuaded by defendant's contention that the trial court erred in allowing Janna, then age seven, to give unsworn testimony. Pursuant to CPL 60.20 (subd 2), the unsworn testimony of a child under the age of 12 is admissible "if the court is satisfied that the witness possesses sufficient intelligence and capacity to justify the reception thereof". Here, the trial court made a thorough preliminary investigation of Janna's capacity to testify. Further, the court instructed the jury that Janna's testimony was unsworn and that it was their province to determine her credibility. Accordingly, there is no indication that the trial court abused its discretion.

Next, defendant argues that after the first indictment against him was dismissed and he was reindicted, the court should have conducted a second *Huntley* hearing to determine anew the admissibility of his oral and written confessions. This contention is meritless. County Court was under no obligation to grant a rehearing of the identical issues which it resolved in the first suppression hearing.

Similarly, there is no merit° to defendant's claim that the District Attorney's instructions to the Grand Jury, regarding Janna's and Peter's capacity to testify and the need for corroborating evidence of their testimony and of defendant's confession, were so inadequate as to mandate reversal. Any such omissions were not essential to the Grand Jury's function of determining whether a crime was committed and whether there was legally sufficient evidence to establish the material elements thereof (*People v Calbud, Inc.,* 49 NY2d 389, 394-395). On those issues, the Grand Jury did receive sufficient instructions. Any failure to instruct as to evidentiary rules of corroboration did not cause prejudice to defendant (see *People v Rex,* 83 AD2d 753, 754). Accordingly, we will not now rule that the indictment should have been dismissed.

Finally, we hold that defendant's sentence of 6 to 18 years was not excessive. Given the heinous nature of defendant's crime, this sentence was a fair one (see *People v Anderson,* 99 AD2d 560, 561, *supra; People v Davenport,* 58 AD2d 661). We have examined defendant's remaining contentions and find them to be without merit.

Judgment affirmed. Main, J. P., Mikoll, Yesawich, Jr., Levine and Harvey, JJ., concur.