■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES E. DAVIS, Appellant.—Kane, J. Appeal from a judgment of the County Court of Saratoga County (Lomanto, J.), rendered May 25, 1984, upon a verdict convicting defendant of five counts of the crime of sodomy in the first degree.

Following a jury trial, defendant was convicted of the following: two counts of sodomy in the first degree with regard to two acts committed on May 3 and 4, 1983 against David Bell, then seven years old; one count of sodomy in the first degree with regard to an act committed on July 10, 1982 against Frederick Bell, then seven years old; and two counts of sodomy in the first degree with regard to acts committed on April 1 and 15, 1983 against Lawrence Bell, then three years old.

Frederick, David and Lawrence Bell, as well as Jonathan Bell, age seven at the time of trial in March 1984, are brothers and the children of Rosemary Crasher. Crasher met defendant in May 1982 at Christ Church Child Day Care Center, located in the City of Schenectady, where defendant

was employed and instructed Jonathan. Defendant became close to Crasher and her family; Crasher and defendant planned to marry and, with Crasher's permission, defendant took the boys to the home of his aunt, where he resided, to either spend the night, or to stay for weekends.

Steven Nowak, a volunteer of the Schenectady chapter of the Big Brothers and Big Sisters Association assigned to spend time with Frederick, questioned Frederick, David and Jonathan concerning defendant's association with their family. David and Jonathan indicated that, while bathing them in his aunt's home, defendant touched them in the groin area. This information was given to the Schenectady County Department of Social Services, which in turn contacted the State Police.

On May 5, 1983, Investigator Edwin Ladu of the State Police contacted defendant by telephone concerning the Bell children and, pursuant to his request, was invited to defendant's home to discuss the matter. Ladu related to defendant the information provided by the County Social Services Department and then read defendant his rights. According to Ladu, defendant indicated that he understood his rights. Ladu then accused defendant of receiving sexual gratification from bathing and fondling the children. Defendant indicated that he did receive sexual gratification from such conduct. At this point, defendant agreed to accompany Ladu to a State Police substation where defendant, in a written statement, admitted to acts of sodomy against Jonathan, Lawrence, Frederick and David.

Defendant was indicted on eight counts of sodomy in the first degree. The trial court dismissed two counts of the indictment and defendant was found not guilty of one count of the indictment. He was sentenced to five concurrent terms of imprisonment of 6 to 18 years. This appeal ensued.

During trial, photographs of David, Jonathan and Frederick, taken by defendant at the home of his aunt, were admitted into evidence. The children were naked in each of these pictures. Also admitted into evidence were writings which defendant admittedly authored. These writings refer to the author's affection for young boys and describe an act of oral sex which the author performs on himself.

Defendant contends that the photographs and writings should have been suppressed as the products of an unlawful search and seizure. This contention must be rejected. The photographs and writings were discovered on November 19 or 20, 1983 by Timothy Hayes in the home of defendant's aunt,

then deceased. Apparently, Hayes had, sometime prior to the discovery, contracted with the decedent's estate to purchase the property. The estate and Hayes entered into an agreement to allow Hayes into the house prior to the closing to perform renovations, and it was while such renovations were being performed that the challenged evidence was discovered. After discussing the discovery with a friend, Hayes turned the material over to the State Police.

Defendant contends that the State Police took an active role in obtaining the evidence and that Hayes was without authority to consent to a search of the property. The record, however, does not support this argument. Since there was no governmental participation in the search and seizure, the suppression court properly refused to suppress the evidence *(see, People v Adler,* 50 NY2d 730, 737, *cert denied* 449 US 1014).

Defendant next contends that the trial court erred in admitting into evidence the photographs of the naked Bell children, as such evidence was without probative value and would likely inflame the passions of the jury. We are unable to conclude that the trial court abused its discretion in balancing the inflammatory nature of the evidence against its materiality and relevance *(see, People v Bell,* 63 NY2d 796, 797; *People v Ahlers,* 98 AD2d 821, 822; *People v De Vyver,* 89 AD2d 745, 747). Accordingly, we conclude that the trial court did not err in admitting the photographs into evidence.

Defendant also argues that the evidence presented at trial was insufficient to corroborate the confession of defendant, as required by CPL 60.50, and the unsworn testimony of David and Frederick, as required by CPL 60.20 (3) and Penal Law § 130.16.\*In a similar case involving the same offense against a minor child, this court stated that since the requirements that the defendant's confession and the unsworn testimony of the minor child be corroborated were not derived from the same statute and were imposed for different purposes, the confession and unsworn testimony could corroborate each other *(People v Philipp,* 106 AD2d 681, 682). Defendant's confession relates that he sodomized Jonathan two or three times, Lawrence two or three times, Frederick once and David several times. Both David and Frederick described in their

---

\* Effective November 1, 1984, Penal Law § 130.16 was amended to remove the requirement that the testimony of a victim of a sex offense whose age rendered him or her incapable of consenting to the act be corroborated (L 1984, ch 89, § 1). This amended provision was not in effect at the time the judgment was rendered in the case at bar.

unsworn testimony acts of sodomy committed by defendant against them. Moreover, further corroboration of this evidence is supplied by the photographs of the Bell children, the writings authored by defendant and the testimony of Nowak and Crasher, which related statements by the children to those individuals, describing acts of sodomy committed upon them by defendant (see, People v Ahlers, supra; People v De Vyver, supra). Accordingly, in our view, there was sufficient corroboration.

A review of the record reveals that defendant was not denied effective assistance of counsel. Further, the record supports the suppression court's conclusion that defendant's statement was voluntarily given (see, People v Pelkey, 100 AD2d 663, 664). Contrary to defendant's contention, we find that the prosecution's comments during summation were not so prejudicial as to deny defendant a fair trial (see, People v Lowen, 100 AD2d 518, 520). Finally, we find without merit defendant's contention that the sentence imposed was harsh and excessive (see, People v Philipp, supra, p 683). The judgment should be affirmed.

Judgment affirmed. Mahoney, P. J., Kane, Main, Levine and Harvey, JJ., concur.