■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GENEVIEVE ARNAULT JACKSON, Also Known as GENEVIEVE H. JACKSON, Appellant.—Appeal by the defendant from a judgment of the County Court, Orange County (Hillery, J.), rendered September 19, 1984, convicting her of sodomy in the first degree (two counts), sexual abuse in the first degree, and attempted sexual abuse in the first degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

The charges against the defendant stem from two separate incidents in which the defendant, and her codefendant and boyfriend, Donald Bohn, allegedly sexually abused and sodomized the defendant's seven-year-old son. The People's case consisted mainly of the unsworn testimony of the victim and the sworn testimony of his 14-year-old brother. The testimony of the victim was sufficiently corroborated by his brother's sworn testimony to warrant the convictions. The victim testified with respect to both incidents to facts which sufficiently establish that he was both anally sodomized and sexually abused by the defendant and Bohn. The testimony of the victim's brother established that he was an eyewitness to one incident of sexual abuse, and that with respect to the anal sodomy, he saw the victim in bed between both the defendant and Bohn. He observed Bohn rubbing up against the victim from the back and heard him crying out asking Bohn to stop because it hurt. The corroboration requirements of Penal Law § 130.16 may be satisfied by circumstantial evidence and need not point to the particular form of sexual contact (see, People v De Berry, 76 AD2d 933; see also, People v Medina, 44 NY2d 199). Moreover, although the victim testified that both incidents occurred in the morning, his brother provided direct testimony with respect to the "time of the alleged incident" (Penal Law § 130.16 [b]). Any inconsistencies in the testimony of the two boys were for the trier of fact to resolve (see, People v Gruttola, 43 NY2d 116; People v Morgan, 107 AD2d 718).

Additionally, the defendant was not deprived of a fair trial because the prosecutrix cross-examined her with respect to prior bad acts having sexual undertones. There was a good-faith basis for the questioning and the record establishes that the Trial Judge weighed the prejudicial effect against the probative value of the evidence (see, People v Rahman, 46 NY2d 882; People v Sandoval, 34 NY2d 371). The court did not, therefore, abuse its discretion in allowing the defendant to be cross-examined with respect to these prior bad acts (see, People v Sorge, 301 NY 198; People v Rahman, supra; People v Cherry, 106 AD2d 458).

The defendant's remaining contentions are without merit. Thompson, J. P., Niehoff, Rubin and Kunzeman, JJ., concur.