■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROGER E. KULAKOWSKI, Appellant.—Judgment unanimously affirmed. Memorandum: On appeal from his conviction of sodomy in the first degree, defendant alleges numerous grounds for reversal of which we address only two: that the court erroneously admitted the second and third out-of-court statements of the five-year-old victim as spontaneous declarations (defendant does not contest the admission of the victim's first statement); and that there was insufficient corroboration of the victim's testimony to support the conviction. The court properly admitted the victim's second statement as an excited utterance *(see, People v Brown,* 70 NY2d 513; *People v Edwards,* 47 NY2d 493). Although made at a place removed from the scene of the crime, it was given within 15 minutes of the incident and was made under the impetus of a startling event *(see, People v McCullough,* 73 AD2d 310, 313-314). The age of the victim and the nature of the incident justify a finding that the statement was reliable and not made "under the impetus of studied reflection" *(People v Edwards, supra,* at 497). The witness testified that the victim was seemingly in shock as a result of the attack and that she was "still very upset" at the time of the second statement. Moreover, the fact that the

second statement was consistent with the victim's trial testimony, which was subject to cross-examination, is an additional factor tending to establish its trustworthiness *(cf., People v Caviness,* 38 NY2d 227, 232).

Although we conclude that the court improperly admitted the victim's third statement, which was made 1½ to 2 hours after the event at another location, we find that the admission of that statement was not so prejudicial as to require reversal. The third statement was almost completely cumulative of the victim's other statements, adding only one nonmaterial detail. Additionally, even in that added detail, the third statement was completely cumulative of the victim's trial testimony, which was subject to cross-examination *(cf., People v Caviness, supra).* In those circumstances, admission of the victim's third statement was harmless *(see, People v Hughes,* 56 AD2d 954, 955).

We find sufficient corroboration of the young victim's unsworn testimony to establish that her testimony was trustworthy, that an attempt was made to engage her in sodomy, and that defendant was the person who made that attempt (CPL 60.20 [3]; Penal Law former § 130.16; *People v Pepper,* 59 NY2d 353, 359; *People v St. John,* 74 AD2d 85, 88, *appeal dismissed* 53 NY2d 704). "The corroborating evidence need not be positive and direct, it may be circumstantial only" *(People v St. John, supra,* at 88), " 'need not point to the particular form of sexual contact' " *(People v Ahlers,* 98 AD2d 821, 822; *People v De Berry,* 76 AD2d 933), and " 'need simply harmonize with the victim's testimony in such a manner as to furnish the necessary connection between the defendant and the crime' " *(People v Ahlers, supra,* at 822). The record contains the following corroboration: defendant's wife saw him walk naked, covering his genitals, from the bathroom where the attack occurred; defendant was perceptibly flustered, defensive and angry when confronted by his wife; the victim was discovered ashen and apparently in shock in the bathroom; thereafter, defendant angrily insisted on taking the victim out alone on his boat that day; and the victim immediately reported the incident to defendant's wife. In addition, defendant himself testified to limited sexual contact with the victim. The evidence establishing defendant's compromising presence alone with the victim, her emotional reaction to the attack, and her immediate report of the incident amply corroborates the victim's testimony *(People v Bravender,* 35 AD2d 1035).

We have examined defendant's remaining contentions and conclude that they are without merit. (Appeal from judgment

of Cayuga County Court, Contiguglia, J.—sodomy, first degree.) Present—Callahan, J. P., Denman, Pine, Balio and Lawton, JJ.