■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN D. ZERBST, Appellant.—Mikoll, J. Appeal from a judgment of the County Court of Schoharie County (Lamont, J.),

rendered June 25, 1986, upon a verdict convicting defendant of two counts of the crime of sexual abuse in the first degree.

Defendant was found guilty of two counts of sexual abuse of two young girls, one incident occurring on July 4, 1984 and the other on October 19, 1985, and was sentenced to consecutive prison terms of 2 to 6 years on each count. Defendant signed a written confession on October 21, 1985 admitting sexual contact with several children, including the two involved in the events leading to his present convictions. Denying that he signed any statement and further urging that any statement given by him was involuntary due to intoxication, defendant moved to suppress the written statement.

County Court denied defendant's motion to suppress his written confession as involuntarily given. At the suppression hearing, testimony by the People's witnesses indicated that the State Police requested defendant to come to the State Police barracks in the Town of Duanesburg, Schenectady County. Defendant accompanied them there, arriving between 4:30 A.M. and 5:00 A.M. on October 21, 1985. Defendant was given his *Miranda* rights, acknowledged that he understood them, stated that he did not wish counsel and proceeded to give an oral confession which was ultimately reduced to writing, preceded once again by *Miranda* warnings. After reading the written statement, defendant signed it; the whole process was completed by 8:00 A.M. Members of the State Police testified that defendant displayed no signs of intoxication during the interrogation. Juxtaposed against this evidence was defendant's contention that he was heavily intoxicated on October 21, 1985 and that he has absolutely no recollection of giving a confession other than a recollection of signing two blank sheets of paper. County Court, being presented with a conflict in testimony, resolved the issue of credibility against defendant. This was within its province and the determination denying defendant's motion to suppress should not be disturbed (see, *People v Treadwell*, 115 AD2d 329; *People v Knuckles*, 51 AD2d 835).

The same principle applies to the question of whether sufficient evidence was presented to the jury that defendant made a voluntary and knowing written confession. We hold that there was. Once again a factual issue, turning on the credibility of witnesses, was presented. The jury's determination, made against defendant's interest, should not be disturbed where, as here, it is supported by the evidence (see, supra).

As to the adequacy of the evidence, defendant contends that

there was insufficient corroboration of his confession as required under CPL 60.50 to warrant his conviction. The requirement of the statute is satisfied by the production of some proof, of whatever weight, that a crime was committed by someone *(People v Daniels,* 37 NY2d 624, 629). The two victims identified defendant and gave clear and definite accounts of his sexual abuse of them which substantially conformed to the account of the events in his confession. Defendant's contention, that the unsworn testimony of the victim of the October 19, 1985 incident was insufficient to corroborate his confession as required by CPL 60.50 because her statement also required corroboration albeit under CPL 60.20, has been repudiated by this court. We have held that cross-corroboration is possible *(see, People v Davis,* 113 AD2d 969; *People v Philipp,* 106 AD2d 681; *see also, People v Coleman,* 42 NY2d 500). The jury chose to credit the victim's testimony. The evidence adduced at trial from both victims corroborated defendant's confession. Defendant's conviction of two counts of first degree sexual abuse was supported by the weight of the evidence.

Finally, defendant contends that the sentence imposed was harsh and excessive. County Court is entrusted with wide discretion as to sentencing and its decision will not be disturbed absent extraordinary circumstances or abuse of discretion. We find none here. We find no merit as well to the other contentions of error raised by defendant.

Judgment affirmed. Casey, J. P., Mikoll, Yesawich, Jr., Mercure and Harvey, JJ., concur.