■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DENISE McGUIRE, Appellant.—Judgment affirmed. Memorandum: Defendant was convicted, following a bench trial, of sexual abuse in the first degree (Penal Law § 130.65 [3]) and endangering the welfare of a child (Penal Law § 260.10 [1]) for sexually abusing her boyfriend's four-year-old nephew. On appeal, she contends that the People failed to present sufficient evidence to corroborate the unsworn testimony of the infant victim as required by CPL 60.20 (3). We disagree. Defendant concedes that the testimony tends to show that the child was sexually abused, but maintains that the evidence was insufficient to connect her to the crime. The record discloses that defendant frequently "babysat" for the victim, that the sexual abuse occurred when defendant and her boyfriend were baby-sitting for him, that the victim's mother observed her son's penis was red and swollen at that period, and that defendant gave a statement to the police in which she admitted to limited sexual contact with the victim. We conclude that this evidence is sufficient to satisfy the corroboration requirements of CPL 60.20 (3) *(see, People v Groff,* 71 NY2d 101; *People v Kulakowski,* 135 AD2d 1119, *lv denied* 70 NY2d 1007).

We have reviewed the indictment and we reject defendant's argument that it is duplicitous. The indictment, on its face, charged defendant with only one count of alleged sexual abuse of a child under the age of 11 by subjecting that child to sexual contact. The indictment alleges two specific acts of sexual contact. That those alleged acts are separated in the wording of the indictment by use of "and/or" does not render the indictment duplicitous *(see, People v Keindl,* 68 NY2d 410; *People v Charles,* 61 NY2d 321, 326-328).

Moreover, in the circumstances of this bench trial, considering the tender age of the youthful victim and his difficulty in expressing himself verbally, the court did not abuse its discretion in seeking to clarify his testimony by use of anatomically correct dolls *(see,* CPL 60.44).

We have reviewed the other claims raised by defendant on appeal and find them to be without merit.

All concur, except Pine, J., who dissents and votes to reverse, in the following memorandum.

Pine, J. (dissenting). I respectfully dissent. I find that the count of the indictment charging defendant with sexual abuse in the first degree was duplicitous and should have been dismissed with leave to resubmit. The indictment charged defendant with one count of sexual abuse, but that count alleged two separate acts, one permitted by defendant and one committed by defendant, using the following language: "by permitting the said [victim] to touch her about her breasts and/or by touching the said [victim] about his genital area." When defendant argued her pretrial motion to dismiss the indictment because it was duplicitous, the People acknowledged that the count could have been split into two separate counts of sexual abuse. The court in denying defendant's motion stated that either act would be sufficient to constitute the crime of sexual abuse in the first degree. This clearly is prohibited because the crime of sexual abuse concerns a single act *(see, People v Keindl,* 68 NY2d 410, 420-421; *People v Baker,* 144 AD2d 1005). (Appeal from judgment of Ontario County Court, Reed, J.—sexual abuse, first degree, and another charge.) Present—Dillon, P. J., Callahan, Green, Pine and Davis, JJ.