■ In the Matter of ANNE BB., a Child Alleged to be Abused. CORTLAND COUNTY DEPARTMENT OF SOCIAL SERVICES, Appellant; JAMES BB. et al., Respondents. [609 NYS2d 111] — Weiss, J. Appeal from an order of the Family Court of Cortland County (Mullen, J.), entered November 23, 1992, which dismissed petitioner's application, in a proceeding pursuant to Family Court Act article 10, to adjudicate respondents' child to be abused.

Following receipt of several reports of suspected child abuse from the Central Registry Hotline in Albany involving then four-year-old Anne BB., Charlotte Wallace, an employee of petitioner's child protective unit, went to the residence of respondents, the child's biological parents with whom the child resided, to investigate the matter on April 14, 1992. With the father's consent, an appointment was made to have the child examined at a hospital on May 18, 1992. Ann Botash, the physician who performed a physical examination of the child which included the genitalia, concluded that some sexual abuse had occurred.

Wallace reported the results of the examination to her superiors and was instructed to take the child to the police. The child was considered to be in imminent danger and was taken into petitioner's custody *(see,* Family Ct Act § 1024). On May 19, 1992, petitioner filed a petition alleging the child to be abused *(see,* Family Ct Act § 1031). Respondents filed a petition pursuant to Family Court Act § 1028 for the return of the child and a hearing was held on May 21, 1992 on both petitions. Following the hearing, Family Court found the child to be in imminent danger of further sexual injuries and directed that custody continue with petitioner.

An order denying respondents' application for return of the child also held that the child could be examined by a pediatrician chosen by counsel for the mother, and further ordered that petitioner have the child photographed for documentation of any injuries *(see,* Family Ct Act § 1027 [g]). Six slides, not photographs, were taken at the hospital, two of which were offered to respondents' counsel for review. The other four were retained by the hospital, available upon subpoena. Respondents declined petitioner's offers to them for use of the

slides and, on August 19, 1992, the mother moved by order to show cause to preclude petitioner from introducing any evidence of the injuries allegedly sustained by the child at an evidentiary hearing. No formal disclosure or discovery proceedings were ever initiated by respondents.

Family Court heard oral argument on the motion and granted the preclusion sought by respondents. Family Court then directed the hearing on the alleged child abuse to proceed. The hearing continued until November 23, 1992 when the court granted respondents' motions to dismiss the petition for failure to set forth a prima facie case.* A written order to that effect was made on November 23, 1992 and also directed that petitioner return the child to respondents. Petitioner has appealed. A stay pending appeal was granted by a Justice of this Court on December 8, 1992.

The result of this proceeding cannot be permitted. "A parent's rights must be subordinate to the paramount purpose of the statute, which reflects the strong public policy of the State to protect a child's interest against an unwilling or inept discharge of parental responsibilities. A court cannot close its eyes to any imminent danger to a child and normal concepts of staleness may not be applicable when a child may still be in such danger" *(Matter of Charles DD. [Bernard EE.],* 163 AD2d 744, 747). The disregard for, and noncompliance with, Family Court Act § 1027 (g) have produced an intolerable result in this case. Initially, Family Court either misread the statute or completely ignored its mandate by failing to (1) order the physical examination of the child, (2) require the examining physician to have color photographs taken as soon as practical of the areas of visible trauma on the child, and (3) require the physician to forward the color photographs to the court *(see,* Family Ct Act § 1027 [g]). Indeed, if the court had fulfilled its responsibilities, the slides later found to be objectionable could have been converted to color photographs or Family Court could have promptly ordered photographs to be taken and delivered to the court. There is no provision for, or reference to, a requirement that petitioner order or deliver photographs of a child suspected of abuse. There is no indication of petitioner's contravention of the statute, or evidence of willful disobedience or bad faith *(see, Matter of Daniel TT.,* 169 AD2d 951; *see also, Goens v Vogelstein,* 146 AD2d 606, 607).

---

* Petitioner's November 17, 1992 motion for reargument of the preclusion motion was denied from the bench and petitioner was precluded from use of the slides.

Moreover, respondents failed to avail themselves of any discovery or disclosure procedures by moving for production of the slides *(see,* CPLR 3120) or to compel disclosure *(see,* CPLR 3124; Family Ct Act § 1038 [d]). Nor is there anything to suggest that the two slides offered to respondents, as well as the four in possession of the hospital, would not adequately serve as a substitute for color photographs.

We find that Family Court clearly abused its discretion by precluding proof of the injuries described by Botash. The sanction of preclusion and dismissal would only serve to return an innocent child to an environment which the court itself found to be of imminent danger only three months earlier, and was nothing less than Draconian. The record contains testimony wholly sufficient to demonstrate sexual abuse without the benefit of photographs and the exclusion of the medical testimony deprived Family Court of competent and relevant proof of sexual abuse. The disregard of petitioner's proof was a derogation of the court's responsibilities to concern itself not only with whether the charge had been sustained, but, more important, whether sexual abuse was likely to recur *(see, Matter of Rockland County Dept. of Social Servs. v Brian McM.,* 193 AD2d 121). Our courts should never lose sight of the State's interest as *parens patriae* in protecting the well-being of children, and the overwhelming interest in the safety of children far outweighs any deterrent value of an exclusionary rule and mandates the admissibility of relevant evidence in child protective proceedings *(Matter of T. Children [Miguel T.],* 123 AD2d 390, 392-393, *lv dismissed* 69 NY2d 899; *see also, Matter of Diane P. [Aleja P.],* 110 AD2d 354, 356, *appeal dismissed* 67 NY2d 918).

Cardona, P. J., Mikoll and Crew III, JJ., concur; Casey, J., concurs in the result only. Ordered that the order is reversed, on the law, without costs, motion to dismiss denied and matter remitted to the Family Court of Cortland County for further proceedings not inconsistent with this Court's decision.