OPINION OF THE COURT
Stephen A. Bucaria, J.
The defendant’s application for an order—
I. Dismissing the accusatory instruments herein because Penal Law § 260.10 (1) violates the defendant’s rights under article I, § 6 of the New York Constitution as well as his rights under the First, Fifth, Sixth and Fourteenth Amendments of the United States Constitution;
II. Dismissing the accusatory instruments herein pursuant to CPL 170.30 (1) (a); 170.35 (1) (a); 100.15 and 100.40 because (a) it is facially insufficient and defective; and (b) it violates the defendant’s rights under article I, § 6 of the New York Constitution as well as his rights under the First, Fifth, Sixth and Fourteenth Amendments of the United States Constitution;
III. Suppression of the use as evidence at trial of any record or potential testimony reciting or describing statements of the defendant, whether made to a public servant or a private citizen, made or obtained involuntarily, within the meaning of CPL 60.45, pursuant to CPL 710.30, or in the alternative, directing that a hearing be held prior to trial, pursuant to CPL 170.60 (4), for the purpose of making the finding of fact necessary to determine the instant motion;
IV. Suppression of the use of evidence consisting of tangible property obtained by means of an unlawful search and seizure under circumstances precluding admissibility thereof in a criminal trial, or in the alternative, directing that a hearing be held prior to trial, pursuant to CPL 710.60 (4), for the purpose of making the finding of fact necessary to determine the instant motion;
V. Directing the People to provide the defendant with a copy of the defendant’s past criminal history and prior bad or immoral acts which the People intend to use at trial to impeach the credibility of the defendant should the defendant choose to testify; and, if there is a past criminal history or any bad or immoral acts on the part of the defendant, directing a hearing be held to determine whether these prior convictions *212 and/or bad acts may be used by the People during cross-examination of the defendant.
BACKGROUND
The defendant, Timothy Poplaski, allegedly contacted six boys ranging in age from 12 to 15, through a computer bulletin board. Once he made contact, the defendant allegedly had numerous phone conversations with said children where he claimed an ability to hypnotize them and directed them to masturbate.
On April 7, 1994, the Nassau County Police arrested the defendant and charged him with four counts of endangering the welfare of a child in violation of Penal Law § 260.10 (1). The police then transferred the defendant to the sex crimes squad of the Nassau County Police Department. While at the sex crimes squad, the defendant provided the police with a written statement chronicling his involvement in the crimes charged. In addition, the defendant executed a consent to search form. Thereafter, the police seized property from the defendant’s residence including, but not limited to, his computer and related items.
The defendant maintains that the police coerced him into making his statement and into consenting to a search of his residence. During this time period, the defendant was not represented by counsel.
Currently, the defendant is charged with six counts of endangering the welfare of a child in violation of Penal Law § 260.10 (1).
I. Penal Law § 260.10 (1).
A. Penal Law § 260.10 (1) does not violate the defendant’s right to free speech.
The defendant’s contention that Penal Law § 260.10 (1) is meant to "curtail acts and not speech,” and therefore does not prohibit the defendant’s alleged behavior, is contrary to the legislative intent of the statute. The court has previously held that the legislative intent of this statute is to protect the physical health, morals, and well-being of children, and this solicitude relates not only to sexual offenses but to other dangers as well. (People v Bergerson, 17 NY2d 398 [1966]; Mem of City of NY in support of L 1970, ch 389, 1970 NY Legis Ann, at 52.) The law’s focus is on the potential for endangering a child’s welfare. (People v Benu, 87 Misc 2d 139 [1976].) There is nothing in the language of the statute, its legislative *213 history, or the case law to indicate this statute is meant to "curtail acts and not speech.” (People v Rice, 17 NY2d 881 [1966]; People v Ahlers, 98 AD2d 821 [1983].) Therefore, the court finds that the statute does proscribe the defendant’s alleged activity.
The right to free speech is not absolute. (Chaplinsky v New Hampshire, 315 US 568, 571-572 [1942].) The United States Supreme Court has explicitly defined certain classes of speech, including the lewd and obscene, the profane, the libelous, and the insulting or fighting words, which the government may regulate. (Supra, at 572.) Where a particular type of speech does not fall under the above categories, the government may still impose regulations where a compelling government interest exists.
When deciding whether to allow such a restriction, the court must first decide whether or not there exists a countervailing State interest. In this case, there is a compelling State interest to protect the well-being of children. Although in the abstract any restriction on speech impinges on the defendant’s right to free speech, the issue before the court is whether the court’s obligation to protect the compelling State interest or the protection of the well-being of children outweighs the defendant’s right to have sexually explicit phone conversations with children.
The government’s interest in protecting children is firmly established in case law (Matter of Anne BB. [James BB.], 202 AD2d 806 [1994]; Juman v Wise Servs., 159 Misc 2d 314; Matter of Katherine B., 189 AD2d 443). On the contrary, restrictions on the defendant’s right to have sexually explicit conversations with children is not constitutionally guaranteed. The court need not and does not rule on the defendant’s right to have sexually explicit conversations with adults nor on the method used to facilitate such conversation. Consequently, the court holds that the statute is not an unconstitutional restriction on the defendant’s right to free speech.
B. Penal Law § 260.10 (1).
In order for a statute to be constitutional, the statute "must give notice to the accused of the illegality of his act.” (People ex rel. Serra v Warden, 90 Misc 2d 654, 656 [Sup Ct, Bronx County 1977].) When reviewing the constitutionality of a statute, the court gives the legislative act a strong presumption of constitutional validity. (Supra, at 606.) In order to prevail in a constitutional challenge to a criminal statute, the *214 defendant has the burden to prove the unconstitutionality of the statute beyond a reasonable doubt. (Matter of Van Berkel v Power, 16 NY2d 37 [1965].)
The court holds that Penal Law §260.10 (1) does give the defendant notice of the illegality of his acts. Penal Law § 260.10 (1) "use[s] ordinary terms to express ideas which find adequate interpretation in common usage and understanding” (People v Byron, 17 NY2d 64, 67 [1966]) and is certainly sufficient to give warning of what the statute prohibits. (People v Bergerson, 17 NY2d 398 [1966], supra.) The statute sufficiently gives notice to a reasonable man that he may not knowingly engage in conduct which is likely to be injurious to the physical, mental, or moral welfare of a child. (People v Illardo, 48 NY2d 408 [1979].)
In determining constitutional vagueness, the court does not test the statute in the abstract, but rather measures it with respect to the actual conduct of the defendant. (United States v Tana, 618 F Supp 1393 [SD NY 1985]; United States v Payden, 598 F Supp 1388 [SD NY 1984], revd 759 F2d 202 [2d Cir 1985], remand 609 F Supp 1273, affd 768 F2d 487; People v Harris, 129 Misc 2d 577 [Crim Ct 1985]; see also, People v Miller, 106 AD2d 787 [3d Dept 1984].) In the case before the court, the defendant knowingly contacted six children between the ages of 12 and 15 and allegedly encouraged, instructed, and directed them to masturbate. The court holds that this is precisely the sort of behavior that the statute intends to prohibit. The defendant has, therefore, failed to meet its burden with regard to vagueness, and the court holds that the statute is not overly broad or vague.
II. The court denies the defendant’s motion to dismiss pursuant to CPL 170.30, 170.35, 100.15 and 100.40.
A. The court denies the defendant’s motion to dismiss pursuant to CPL 170.30, 170.35, 100.15 and 100.40.
The court holds that the criminal informations satisfy the requirements stated in CPL 100.15 and 100.40, and should, therefore, not be dismissed pursuant to CPL 170.30 and 170.35. In order for a criminal information to be sufficient, CPL 100.15 and 100.40 require that it contain both an accusatory part designating the offenses charged and a factual part containing nonhearsay allegations which provide reasonable cause to believe that the defendant committed the offense.
The information in this case contains both parts. The accusatory part designates the offense charged as: "a violation *215 of Penal Law § 260.10 (1), which provides that a person is guilty of endangering the welfare of a child when he knowingly acts in a manner likely to be injurious to the physical, mental or moral welfare of a male child less than seventeen years old.” The factual part of the informations provide non-hearsay allegations, to wit: "during the course of a telephone conversation with the victims, all six males are under the age of sixteen, the defendant did entice said victim(s) to sensually rub his own body and masturbate for the sole purpose of sexual gratification on the part of the defendant.” Lastly, supporting depositions of the victims describe what, when, and how the defendant committed the crimes.
The defendant maintains that the informations are insufficient because they fail to contain factual allegations, which if true, would establish that the defendant "acted in a manner likely to be injurious to the physical, mental or moral welfare of a * * * child.” Since there are no supporting depositions by qualified experts stating how the contents of the alleged conversations were likely to be injurious to the children, the defendant asserts that the informations are merely conclusory. In the alternative, he contends that the lack of depositions makes the potential injury merely speculative and not "likely” as required by Penal Law § 260.10.
The court holds the informations are not conclusory, and are therefore sufficient. CPL 260.10 (1) does not require the People to provide depositions, expert or otherwise, stating how the alleged phone conversations were injurious to the moral welfare of the children. The victims’ depositions describe in detail what, when, and how the defendant committed the alleged crimes. Further, the issue as to whether the harm to the victim is "likely” is a factual determination that will be decided at trial, not through a pretrial motion. Therefore, the court denies the defendant’s motion.
B. The court holds that the informations are not duplicitous.
Where a crime is made out by the commission of one act, that act must be the only offense alleged in the count or the count is duplicitous. (People v Keindl, 68 NY2d 410, 417 [1986].) CPL 200.30 prohibits duplicitous counts in accusatory instruments, requiring that each count of an indictment may charge only one offense. CPL 200.50 (6) requires a statement in each count of the instrument that the accused committed the offense charged therein on a designated date or during a designated period of time. In addition, the Sixth Amendment *216 of the United States Constitution and article I, § 6 of the New York Constitution require that an accusatory instrument provide the accused with fair notice of the charges against him, and the manner, time, and place of the underlying conduct in order to allow the defendant to prepare a defense. (People v Keindl, 68 NY2d, at 416.)
The defendant contends that since the complaints accuse the defendant of violating Penal Law § 260.10 (1) based on the contents of one phone call with each victim, yet supporting depositions contain allegations of more than one conversation with the complainants, the informations are duplicitous. In addition, the defendant contends that depositions alleging phone conversations "about one year ago” and "during the month of November 1993” do not give the defendant sufficient notice of the charges against him in violation of the Sixth Amendment.
The court holds that the complaints are not duplicitous. "[C]rimes which by their nature may be committed either by a single act or by multiple acts (e.g., endangering the welfare of a child)” do not necessarily "encompass * * * more than one offense and [are not] duplicitous.” (Preiser, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11 A, CPL 200.30, at 439.) The crime of endangering the welfare of a child is a crime that by its nature may be committed by multiple acts, and readily permits characterization as a continuing offense over a period of time. (People v Keindl, 68 NY2d, supra, at 421; People v Rios, 142 Misc 2d 357, 360 [Crim Ct 1989].) Accordingly, the court holds that the complaints are not duplicitous simply because they allege more than one conversation or encounter with the defendant.
Further, the court holds that the complaint does give the defendant sufficient notice of the time, place, and the manner of the offense charged. Unless a date is itself an essential ingredient of the crime, it is not vital to the sufficiency of an indictment. (People v Player, 80 Misc 2d 177 [1974].) The court has held that where an indictment specifies a period of time, the requirement of notice has been met. (People v Jones, 133 AD2d 972 [1987], lv denied 70 NY2d 956 [indictment that alleged the accused committed the crime from August 1, 1983 through September 15, 1983 and from July 1, 1983 through September 15, 1983 was sufficient].)
In this case, the supporting depositions and informations set forth the approximate date and time of each violation. The *217 period of time is actually narrower than the time period alleged in the Jones case (supra). Each information alleges a different offense involving a different victim, and notifies the defendant of the charges against him, the place of the occurrence, and how the defendant perpetrated the crime. As a result, the court denies the defendant’s motion to dismiss the complaints on the grounds that they are duplicitous.
III. The court orders a Huntley hearing to decide whether to allow the People to present evidence of the defendant’s confession.
IV. The court orders a hearing to decide whether to allow the People to submit evidence of the tangible property seized from the defendant.
V. On the consent of the People, the court orders a Sandoval and a Molineux hearing to determine the admissibility of the evidence of prior crimes and past acts.
VI. The court grants the People’s motion to consolidate.
The defendant is charged with six counts of violating section 260.10 (1) of the Penal Law. Each count alleges similar if not identical criminal conduct on the part of the defendant in which the defendant engaged in a common scheme or plan to entice these children to engage in sexual activity. Each count alleges that the defendant met children through a computer bulletin board, spoke to them over the phone, attempted to hypnotize them, and asked the victims to engage in the same sexual activity, to wit: masturbation. Thus, the defendant allegedly engaged in a common scheme or plan in relation to each victim.
Consequently, even if the events were tried separately, the information relating to each count would be admissible at every trial pursuant to People v Molineux (168 NY 264 [1901]). (People v Andrews, 109 AD2d 939 [1985].) Moreover, each count will require production of the same police witnesses and several of the same civilian witnesses. Accordingly, the court grants the People’s motion to consolidate.
VII. The court denies all other motions and cross motions.