Titone, J.
(dissenting). The People had to prove beyond a reasonable doubt that appellant’s lewd questions directed at a 23-month-old girl were likely to be injurious to her (see, Penal Law § 260.10 [1]). Because the People did not present any proof on this issue, they failed to present a legally sufficient case, and I respectfully dissent. There is simply nothing in the record from which the jury could have concluded that this very young girl was likely to be harmed. The evidence was clear that this 23-month old did not understand the questions, and the People substantiated no other likely harm to this child’s well-being. Although the People might have presented such proof, they plainly failed to do so.
Harm in proving endangerment of the welfare of a child cannot be merely speculative, it must be likely (see, People v Cruz, 152 Misc 2d 436, 439 [harm likely, not merely speculative where young children were in car with drunk driver]). Although this Court and the lower courts have recognized that mere speech of a sexual nature to children can support a conviction for endangering the welfare of a child, in those cases an infer *832 ence of the likelihood of harm could be made because the child was of such an age and cognitive ability that he or she could have understood the speech or the speech requested some improper act on the part of the child that could have likely followed the request (People v Rice, 17 NY2d 881 [defendant used obscene language in asking two young girls to engage in an “immoral act”]; People v Ahlers, 98 AD2d 821 [defendant told a young boy to attempt to have sex with a 7-year-old girl in his house, which the boy tried to do]; People v Spencer, 66 Misc 2d 658 [defendant offered to engage in sodomy with 8-year-old boy]; see also, People v Dunavin, 173 AD2d 1032 [defendant pinched 7-year-old and 10-year-old girls’ buttocks and showed them sexually explicit film]; People v Poplaski, 162 Misc 2d 209 [information sufficient charging endangerment that described telephone conversations wherein defendant directed boys ages 12 to 15 years old to masturbate]).
There is a tremendous difference in mental ability and understanding between a child under the age of two as in this case and a child who is several years older. Indeed, there is no need for conjecture on this point, since the People themselves put forth proof that the young girl here did not understand appellant’s lewd questions. Significantly, although the People’s witnesses testified that the girl “answered yes to everything” the witnesses were unanimous in the view that she did not understand the questions posed to her.
Given this uncontroverted testimony, there was no evidentiary basis for the jury to conclude that the young girl would likely be harmed. The People’s evidence pointed only to the conclusion that the child here was nothing more than a baby who was capable of mouthing the words “yes, yes” but said this to “everything” regardless of context or content. It was as if this very young girl was being asked a question in some foreign language, who, prompted by tone and inflection, would respond, even though the content of the question was completely unknown. And the mere fact that appellant’s behavior may have been repeated did not make the statements any more comprehensible to the child. The evidence was consistent on this subject.
Not only did the evidence indicate that the 23-month-old girl did not understand, but there was also no intimation that this child was likely to engage in an improper act or any other evidence introduced which could form the basis for an inference of the likelihood of harm. The evidence showed that appellant was trying to be humorous at the expense of a young girl with *833 no understanding of what was being asked of her. While this was appalling behavior, that characterization alone, as the majority insists, did not prove the likelihood of harm to a child so young. Under the circumstances, it was incumbent upon the prosecution to put forth competent evidence, through expert testimony or otherwise, as to how the child would likely be harmed (cf., People v Poplaski, 162 Misc 2d 209, 215, supra). The prosecutor failed on this crucial point.
Significantly, although the prosecutor acknowledged at summation that the People needed to prove likelihood of injury and the Judge correctly charged the jury on this element, the prosecutor never even hinted at what the likely harm was. Instead, the jury was left to speculate, as the majority does in its opinion, regarding what the harm might be. Curiously, even though the prosecutor knew he heeded to prove the likelihood of harm, he argued at summation that the People did not have any obligation to prove that the child understood or would repeat appellant’s words, and true to his word, but fatal to his case, he left the issue to the imagination of the jury.
Contrary to the majority reasoning, the “common human experience” of the jurors could not be used as a substitute for proof in the face of the uncontroverted, concrete evidence that this 23-month-old girl had no idea of the import of appellant’s words. Since the record is barren of proof on the likelihood of harm element of the crime, I would reverse the conviction on this count of endangering the welfare of a child. I respectfully dissent.
Chief Judge Kaye and Judges Bellacosa, Smith, Levine, Ciparick and Wesley concur; Judge Titone dissents and votes to reverse in an opinion.
Order affirmed in a memorandum.