■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAY A. DOELL-NER, Appellant. — Judgment unanimously reversed, on the law and facts, and indictment dismissed. Memorandum: Defendant stands convicted of sexual abuse in the first degree (Penal Law, § 130.65) and endangering the welfare of a child (Penal Law, § 260.10). The alleged victim was defendant's four-year-old niece who at the time of trial had just reached her sixth birthday. After appropriate inquiry, the court, pursuant to CPL 60.20 (subd 2), permitted the infant to testify as an unsworn witness. Although the infant's testimony was sufficient to establish the elements of sexual abuse in the first degree and endangering the welfare of a child, a person may not be convicted of either crime solely on the testimony of the infant victim unsupported by other corroborative evidence as defined by statute (see Penal Law, §§ 130.16, 260.11). Additionally, because the infant's testimony was unsworn, it was necessary for the People to satisfy the corroborative standard of CPL 60.20 (subd 3), which has been interpreted to require "proof of circumstances legitimately tending to show the existence of the material facts of the crime" (*People v St. John,* 74 AD2d 85, 88, citing *People v Bravender,* 35 AD2d 1035). In denying defendant's motion to dismiss at the close of the People's case, the trial court found that the infant's testimony was sufficiently corroborated because defendant "was present at the general time and place for these few days when [the infant victim] lived there or stayed there". In so ruling, the court erred. An element of sexual abuse in the first degree is "sexual contact." The presence of the defendant in the same home as the infant victim, while those premises were occupied by several other individuals, does not tend to demonstrate that defendant had sexual contact with the victim. The record is otherwise void of any evidence corroborating the victim's testimony that defendant placed his hand on her vagina. Since the endangering count is based upon the same underlying conduct, there was also a failure of proof as to that count. (Appeal from judgment of Jefferson County Court, Davis, J. — sexual abuse, first degree, etc.) Present — Dillon, P. J., Callahan, Doerr, Boomer and Moule, JJ.

■ In the Matter of GEORGE CARMAN, Petitioner, v FRED J. BUSCAGLIA, as Commissioner of the Erie County Department Social Services, et al., Respondents. — Proceeding dismissed, without costs, upon stipulation. (Article 78 proceeding transferred by order of Supreme Court, Erie County, Mattina, J.) Present — Dillon, P. J., Callahan, Doerr, Boomer and Moule, JJ.