■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GRADY THOMPKINS, Appellant. — Appeal from a judgment of the Supreme Court at Trial Term (Ellison, J.), rendered June 4, 1982 in Chemung County, upon a verdict convicting defendant of the crime of robbery in the second degree. Defendant's indictment for robbery in the second degree arose out of a purse snatching incident which occurred during the early morning hours of February 21, 1982. After a jury trial, defendant was found guilty as charged and sentenced, as a second felony offender, to a term of incarceration with a minimum of four years and a maximum of eight years. On this appeal, two issues are raised for our consideration. Defendant first argues that the People failed to establish that the injury suffered by the victim was a "physical injury" within the meaning of the robbery in the second degree statute under which defendant was indicted (Penal Law, § 160.10, subd 2, par [a]). "Physical injury" is defined as "impairment of physical condition or substantial pain" (Penal Law, § 10.00, subd 9) and requires evidence of more than " 'petty slaps, shoves, kicks and the like' " (*Matter of Philip A.,* 49 NY2d 198, 200 [citation omitted]; see, e.g., *People v Hernandez,* 91 AD2d 227, 232; *Matter of Robert M.,* 87 AD2d 987, 987-988; *People v Reed,* 83 AD2d 566). The evidence herein established that the victim fell to the ground when her assailant pulled her purse from her grasp, hit her elbow during the fall and felt pain, suffered a contusion to the ulnar nerve, and was treated at a hospital emergency room, where her arm was wrapped in an ace bandage and she was given Tylenol and released. The victim further testified that she continued to feel pain at the time of trial, some two months after the incident. Pain which lingers for such an extended period of time is beyond that associated with petty slaps, shoves and kicks, thereby satisfying the objective element of "physical injury" (see *Matter of Philip A., supra*). Thus, whether the victim suffered a "physical injury" was properly presented to the jury for resolution (see *id.; People v Chesebro,* 94 AD2d 897). Defendant also contends that his sentence is harsh and excessive and should be modified. As a second felony offender convicted of robbery in the second degree, a class C felony (Penal Law, § 160.10), defendant faced a maximum sentence of 7½ to 15 years (Penal Law, § 70.06, subds 1, 3, par [c]; subd 4, par [b]). Considering defendant's prior record, his sentence of four to eight years cannot be deemed harsh and excessive or an abuse of discretion by the trial court. Furthermore, there is nothing in the record to support defendant's claim that the sentence was imposed as punishment for his exercise of his right to a trial by jury.

Judgment affirmed. Mahoney, P. J., Main, Mikoll, Weiss and Levine, JJ., concur.