■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS V. KNAPP, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant was convicted after a jury trial of first degree sexual abuse of a four-year-old girl. Defendant, a 29-year-old neighbor of the victim's family, offered to take the victim to the store. Four hours later, when defendant and the victim had not returned from the store, the victim's mother searched the neighborhood and found defendant walking with her daughter near their home. The young girl appeared upset and was crying. At defendant's trial, the victim's mother testified, over defense counsel's objection, that her daughter had told her that defendant "hit me with his dick." The mother also testified that she observed bruises on her daughter's genitals and smelled sperm.

The court did not err in allowing the victim's mother to testify about what the victim told her immediately following the incident. This testimony was admissible as a spontaneous declaration or excited utterance *(see generally,* Richardson, Evidence §§ 281-285 [Prince 10th ed]). Given the sudden and coercive nature of the event, the young age of the victim, the emotional trauma she likely suffered and the brief time between the incident and the victim's statement to her mother, there is no question that the statement was made while the victim was still under the influence of the excitement precipitated by the event *(People v Brown,* 70 NY2d 513, 520; *People v Edwards,* 47 NY2d 493, 497). The fact that the victim's statement was made in response to her mother's question does not take the statement outside the excited utterance exception as a matter of law *(People v Brooks,* 71 NY2d 877; *People v Brown, supra; People v Edwards, supra,* at 498-499), nor does the fact that the victim herself would not be competent as a sworn witness *(see,* Richardson, Evidence § 285; *see also, People v Groff,* 71 NY2d 101).

The court, however, erred in admitting the details of what the victim said to the doctor who examined her. These statements followed extensive examination and questioning and occurred several hours after the incident. Thus, the statements to the doctor could not be admitted as either a spontaneous declaration, or as a prompt complaint. Hearsay testimony in the nature of a prompt complaint is admissible only to bolster the victim's credibility in the face of a claim of recent fabrication *(People v Fagan,* 104 AD2d 252, *affd* 66

NY2d 815; *People v Wooden,* 66 AD2d 1004). The admission of the doctor's statements, however, was harmless error. The evidence of guilt was overwhelming and inasmuch as the victim's statements had already been properly admitted through her mother, "there is [no] significant probability * * * that the jury would have acquitted the defendant had it not been for the error" *(People v Crimmins,* 36 NY2d 230, 242). We have reviewed the other issues raised by defendant and find them to be without merit. (Appeal from judgment of Supreme Court, Erie County, Kasler, J.—sexual abuse, first degree.) Present—Doerr, J. P., Green, Pine, Balio and Lawton, JJ.