■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DOMINIC RIGGIO, Appellant.—Judgment unanimously reversed on the law and indictment dismissed. Memorandum: Defendant appeals from a conviction for sexual abuse in the first degree (Penal Law § 130.65). The act allegedly was committed in the girls' bathroom of an elementary school and involved a seven-year-old student. The victim's unsworn testimony constituted the sole direct evidence of the material facts of the crime. We conclude that the trial court erred by allowing the victim's mother to relate the details of statements made by the victim several hours after the incident. When admitted to show that a prompt complaint was made, the evidence is limited to the fact of the complaint and the state of mind of the declarant at the time (Baccio v People, 41 NY 265; People v Ranum, 122 AD2d 959, 961). Evidence of the victim's detailed statements is not admissible unless the statements would qualify as spontaneous declarations, excited utterances or as a prior consistent statement made to bolster the witness's credibility in the face of a claim of recent fabrication (People v Knapp, 139 AD2d 931; People v Fagan, 104 AD2d 252, 256, affd 66 NY2d 815). In the subject case, the defense made no claim of recent fabrication, and the statements were not made under circumstances that would justify admission as spontaneous declarations or excited utterances.

The court also erred by admitting a document prepared by the victim as a past recollection recorded. The document contained a printed description of the alleged perpetrator made several hours after the incident. At trial, the victim described the man who entered the bathroom stall in considerable detail and made an in-court identification. Because the witness had no difficulty in recollecting the perpetrator's features, there was no basis for admission of the document as a past recollection recorded *(People v Dillenbeck,* 115 AD2d 331; *People v Raja,* 77 AD2d 322, 325-326).

Additionally, a person cannot be convicted of a crime solely on the testimony of an unsworn witness (CPL 60.20 [3]). The corroboration standard mandated by CPL 60.20 is the same as the standard required by Penal Law § 130.16 *(People v Groff,* 71 NY2d 101, 109-110), which requires proof of circumstances legitimately tending to prove the material facts of the crime and tending to connect defendant to that crime *(People v Groff, supra,* at 109; *People v Doellner,* 87 AD2d 987). The only evidence presented by the People that would corroborate the facts of the crime was the testimony of the victim's mother. That testimony was improperly admitted and assuming, arguendo, that it constituted evidence of a prompt complaint, such evidence was not, by itself, sufficient to satisfy the corroboration standard *(see, People v Watson,* 57 AD2d 143, 148, *revd on other grounds* 45 NY2d 867; Richardson, Evidence § 292 [Prince 10th ed]). We conclude, therefore, that the People failed to present evidence sufficient to satisfy the corroboration standard of CPL 60.20, and the trial court erred by denying defendant's motion to dismiss upon the conclusion of the People's case *(People v Doellner, supra).* (Appeal from judgment of Supreme Court, Erie County, Flynn, J.—sexual abuse, first degree.) Present—Callahan, J. P., Doerr, Boomer, Pine and Balio, JJ.