■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH ALLEN DUNN, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Marasco, J.), rendered May 12, 1986, convicting him of rape in the first degree, sodomy in the first degree, and incest (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Initially, we note our strong disapproval of the prosecutrix's failure, in violation of *Brady v Maryland* (373 US 83), to disclose certain information she obtained during the course of the trial. Reversal is not required, however, because the defendant independently learned of the existence of this information at a time when he still had "a meaningful opportunity to use the allegedly exculpatory material to cross-examine the People's witnesses or as evidence during his case *(see, People v Brown,* 67 NY2d 555, 559; *People v Smith,* 63 NY2d 41, 68; *People v Stridiron,* 33 NY2d 287, 292-293)" *People v Cortijo,* 70 NY2d 868, 870).

Viewing the evidence adduced at the trial in a light most favorable to the People *(People v Contes,* 60 NY2d 620), we find that it was legally sufficient to support the judgment of conviction since the victim's unsworn testimony was sufficiently corroborated as required by CPL 60.20. As recently stated by the Court of Appeals, the corroboration requirement contained in CPL 60.20 is satisfied "by evidence tending to establish the crime[s] and connecting defendant with its commission" *(People v Groff,* 71 NY2d 101, 104). In this case, independent evidence of the crimes included testimony concerning the child's vaginal rash and discharge, indications of trauma and penetration, and the positive tests for two sexually transmitted diseases. Independent evidence connecting the defendant to the commission of the crimes included testimony establishing the defendant's opportunity to commit the crimes and the fact that the defendant tested positive for the same two venereal diseases. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]). Thompson, J. P., Bracken, Brown and Rubin, JJ., concur.