■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE LUIS GARCIA, Appellant.—Judgment of the Supreme Court, New York County (James Leff, J., at trial with a jury), rendered June 27, 1988, convicting defendant of sodomy in the first degree and sentencing him to an indeterminate term of imprisonment of 6 to 18 years, is unanimously affirmed.

Defendant's guilt of sodomizing the seven-year-old daughter of his girlfriend was established beyond a reasonable doubt. Defendant confessed to the crime and the infant's 13-year-old brother testified that he saw defendant leaning over the infant with his head at her "waist area". The infant said defendant did not place his mouth on her, but that testimony raised a jury question and we decline to interfere with the jury's

resolution of the issue. Nor was the evidence insufficient, as a matter of law, under CPL 60.50. There was no direct testimony establishing the sodomy, but there was proof of circumstances that established the commission of crime, and defendant's confessions explained those circumstances. *(People v Lipsky,* 57 NY2d 560, 571.)

Defendant's argument that his confession was the product of coercive threats by the police and the failure to receive the *Miranda* warnings is without merit. The hearing court was faced with two conflicting versions of the facts. The arresting officer and the detectives claimed they had acted properly. Defendant claimed that he was overcome with fear that the officers would throw him into a cell where he would be raped. The police claimed that defendant completed his written statement when told to put down what he previously had said; defendant testified that he admitted the sodomy in his written statement only after an angry detective ordered him to write the words that the detective dictated.

Defendant's claim on appeal fails because he offers no persuasive reasoning why the suppression court, which had the opportunity to hear the witnesses testify and observe their demeanor, should be rejected. Defendant suggests that the officers' testimony makes no sense, but the police version of the interrogation is supported by defendant's failure when offered a chance by the Assistant District Attorney to make any reference to threats or coercion or the absence of the *Miranda* warnings.

We also find that defendant was not improperly cross-examined about his prior sexual abuse of the infant. Defendant misleadingly testified that the incident that was the foundation for the charges was the "first" one. When he confessed, defendant admitted that he had inappropriately touched the infant on two other occasions. While the court redacted the defendant's confessions, statements which are otherwise inadmissible can be used when the defendant " 'opens the door' ". *(People v Rahming,* 26 NY2d 411, 418; *cf., Harris v New York,* 401 US 222.) Of course, cross-examination regarding similar kinds of misconduct is forbidden when it has no other purpose than to show criminal bent *(People v Sandoval,* 34 NY2d 371, 377), but the cross-examination at issue went to the heart of defendant's credibility.

Defendant's claim that he was deprived of a fair trial by the prosecutor's summation is also rejected. At no time did defense counsel protest the language now singled out as inflamatory. The prosecutor described the crime as obscene but de-

fense counsel admitted that defendant had concededly committed "dreadful" and "reprehensible acts". Defendant also failed to protest when the prosecutor told the jury to concentrate on the infant, "to put [her] first." Moreover, the prosecutor's zeal must be considered in light of defense counsel's arguments that the jury focus sympathetically on the defendant.

The remainder of defendant's contentions, that the prosecutor drew attention to her own demeanor on the videotape, inappropriately, commented on matter outside the evidence, and inappropriately said that defendant had not imposed an insanity defense, have not been preserved for review. Were we to consider these contentions, in the interest of justice, we would find that in any event they lack merit.

Similarly, defendant's two complaints about the court's charge to the jury have not been preserved as a matter of law and we, therefore, decline to reach them. (CPL 470.05 [2].) Were we to consider them, in the interests of justice, we would nonetheless affirm, finding them to be without merit. The court did not tell the jury that defendant's confession had to be corroborated, but counsel's failure to object may have been tactical. *(See, People v Mehmedi,* 69 NY2d 759, 760.) As previously observed, defendant's confession was satisfactorily corroborated. Moreover, defendant denied the truth of his confession, and the defense may have felt it was better served by not raising a technical issue with the jury.

Nor did the court make an error when it told the jury that the evidence necessary to corroborate the unsworn testimony of the infant did not have to "show the commission of the crime or that defendant actually committed the crime." The court's entire discussion on the corroboration requirement satisfactorily advised the jury that the other evidence had to "fairly tend to connect defendant to the crime." *(People v Groff,* 71 NY2d 101.)

We also find that the trial court did not abuse its discretion in sentencing defendant. Concur—Kupferman, J. P., Ross, Rosenberger and Wallach, JJ.