■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH BADIA, Appellant.—Judgment, Supreme Court, New York County (Thomas B. Galligan, J.), rendered June 6, 1989, convicting defendant Joseph Badia of sodomy in the first

degree (Penal Law § 130.50 [3]) and sexual abuse in the first degree (Penal Law § 130.65 [3]) and sentencing him to concurrent indeterminate terms of imprisonment of 3 to 9 years and 1 to 3 years, respectively, unanimously reversed, on the law, and the indictment dismissed.

The defendant was convicted for sodomizing and sexually abusing his daughter's five-year-old playmate while she was in appellant's home on June 4, 1988. Because we find that there was insufficient evidence introduced by the People at trial corroborating the unsworn testimony of the infant complainant (CPL 60.20 [3]), we reverse the conviction and dismiss the indictment.

Defendant's family lived in the same apartment building as Mr. and Mrs. S. and their two daughters, one of whom is the five-year-old complainant. The Badia and S. families had become friendly because the complainant often played with defendant's daughter Jeannette, who at the time of the incident was approximately 12 years of age. In May of 1988 Mr. S. and defendant fought when Mr. S. accused his wife of having an affair with defendant. The complainant may have been present during this argument. According to Mr. S., in June of 1988 the disagreement had been resolved and the two families were again friendly.

At defendant's trial Mrs. S. testified that on Saturday, June 4, 1988, at about 2:30 P.M., Jeannette came to the S. apartment in order to take the complainant to the Badia apartment to play. One hour later she telephoned the Badia apartment and spoke with Jeannette. At about 4:00 P.M. or 4:30 P.M., Jeannette returned complainant to the S. apartment and left immediately. According to Mrs. S. the complainant appeared "nervous" and "frightened". Over defense objection, Mrs. S. was permitted to testify that upon questioning, the child expressed fear of defendant and stated that defendant had put his finger and tongue into her vagina. The child also complained about burning and itching in her vaginal area.

The only direct evidence as to the crimes was provided by the complainant. Her testimony was detailed and cogent, but unsworn. The complainant indicated, apparently for the first time at trial, that Jeannette was present in the defendant's bedroom when defendant put his finger inside her.

Mr. S. testified, over defense objection, that when he returned to his home at between 5:30 and 6:00 P.M. that evening, the complainant told him that defendant had put his tongue against her tongue and had put his finger and tongue

into her vagina. The next day, he and his wife took the complainant to the police precinct to report the incident.

Police Officer Elba Cabrera testified that during an interview, the complainant told her that defendant had touched her while she was in his apartment the day before. On cross-examination the officer was asked whether the complainant had indicated whether any member of the Badia family was in the room with her when the incident occurred and the officer replied "No". Thereafter, in response to the prosecutor's questions on redirect examination, the officer testified that the complainant stated that the crimes occurred in defendant's bedroom and that defendant's daughter was in the kitchen during their commission.

Dr. Ileana Vargas, a pediatrician, testified that she examined the complainant on June 5th. Dr. Vargas found that the condition of the complainant's vaginal opening, the existence of a recent jagged laceration in the area of the complainant's labia majora and the position of her hymen were consistent with recent sodomy and sexual abuse.

At the conclusion of the People's case, appellant moved for a trial order of dismissal, which was denied. Thereupon, the defense rested without presenting any witnesses.

The People were required to produce evidence independent of the unsworn testimony of the complainant "tending to establish the crime and connecting defendant with its commission." *(People v Groff,* 71 NY2d 101, 104 [1987]; CPL 60.20 [3]; *People v Garcia,* 160 AD2d 258 [1st Dept 1990].) This they failed to do. The medical evidence and testimony as to the child's behavior and complaints of burning and itching were independent evidence tending to show that the crimes were committed. However, the People did not present any independent evidence even remotely connecting appellant with the time and place within which it is alleged that the crimes occurred. *(Compare, People v Reed,* 125 AD2d 343 [2d Dept 1986], *lv denied* 69 NY2d 832 [1987] [testimony of victim's brother that he was ordered from the room immediately before the crime]; *People v Davis,* 113 AD2d 969 [3d Dept 1985] [defendant's confession and unsworn testimony of minor victims corroborated each other]; *People v Groff, supra* [testimony that the child and defendant disappeared from a family gathering for a short time]; *People v Garcia, supra* [victim's brother observed defendant standing over victim and defendant's confession]; *People v Dunn,* 149 AD2d 528 [2d Dept 1989], *lv denied* 74 NY2d 739 [1989] [evidence of opportunity

and evidence that defendant tested positive for the same two sexually transmitted diseases as the minor victim].)

The testimony of Mrs. S. that she telephoned the Badia apartment during the midafternoon and spoke with Jeannette, at most placed Jeannette and presumably the complainant in the Badia apartment about the time of the alleged incident. No reasonable inference can be drawn from this telephone call that appellant was also present.

The repetition of the complainant's account of the incident to her mother, her father, the police and a doctor similarly do not possess the "independence" required of corroborative evidence. *(See,* Richardson, Evidence § 292, at 263 [Prince 10th ed]; *People v Page,* 162 NY 272, 275-276 [1900]; *People v Carey,* 223 NY 519, 520 [1918]; *People v Knapp,* 139 AD2d 931 [4th Dept 1988], *lv denied* 72 NY2d 862 [1988]; *Matter of Julius D.,* 70 AD2d 819 [1st Dept 1979], *lv denied* 48 NY2d 605 [1979]; *People v Mackley,* 60 AD2d 791 [4th Dept 1977].) Corroborative evidence may not rely to any extent on the complaining witness's testimony for to do so would be bootstrapping. *(Cf., People v Hudson,* 51 NY2d 233 [1980]; *People v Velasquez,* 151 AD2d 159 [1st Dept 1989], *lv granted* 75 NY2d 819 [1990] [corroboration of an accomplice's testimony must connect the defendant with the commission of the crime].)

Moreover, we note that the testimony of Mrs. and Mr. S. and of Officer Cabrera detailing statements made to them by the complainant were improperly admitted. When admitted as evidence of a prompt complaint or recent outcry, such testimony should be limited to the fact of the complaint and to the declarant's state of mind at the time. (Richardson, Evidence § 292, at 263; *People v Fagan,* 104 AD2d 252 [4th Dept 1984], *affd* 66 NY2d 815 [1985]; *People v Knapp, supra; People v Riggio,* 144 AD2d 951 [4th Dept 1988], *lv denied* 73 NY2d 981 [1989].) Evidence of the victim's detailed statements is not admissible unless the statements would qualify as spontaneous declarations, excited utterances or as a prior consistent statement in the face of a claim of recent fabrication. *(People v Riggio, supra; People v Knapp, supra.)* No claim of recent fabrication was made herein except as to the child's testimony that Jeannette was present in defendant's bedroom during the commission of part of the crime.

The infant's complaint to her mother was sufficiently close in time to the occurrence to constitute recent outcry. However, Mrs. S.'s testimony should have been limited to the fact that the child had made a complaint. The statements made by

the child to her father, several hours after the occurrence, and to the police officer and physician the following day, were too remote in time to be considered a prompt complaint.

The People's solicitation of testimony, upon redirect examination of Police Officer Cabrera, that the child told the officer that the crime occurred in appellant's bedroom and that Jeannette was in the kitchen of the Badia apartment during the crime was also error. While the complainant testified that Jeannette was present during part of the incident, this inconsistency or claimed recent fabrication could not be removed by evidence that she had previously made a consistent statement that Jeannette was in the kitchen. (Richardson, Evidence § 519, at 510.)

Because the evidence before the jury was legally insufficient, we reverse the conviction and dismiss the indictment. Concur —Murphy, P. J., Sullivan, Carro, Milonas and Smith, JJ.