■ Henry E. Malinowski, Respondent, v Carolyn Sparks, Also Known as Caroline Sparks, Appellant. Cash Realty, Nonparty Respondent.—Order unanimously affirmed without costs for reasons stated in decision at Erie County Court, La Mendola, J. (Appeal from order of Erie County Court, La Mendola, J.—mortgage foreclosure.) Present—Callahan, J. P., Denman, Green, Balio and Davis, JJ.

■ In the Matter of Angel F., a Person Alleged to be a Juvenile Delinquent.—Order unanimously reversed on the law without costs and matter remitted to Monroe County Family Court for further proceedings, in accordance with the following memorandum: Respondent was adjudicated a juvenile delinquent for threatening a seven-year-old boy with a broken piece of glass and forcing the boy to commit fellatio and to submit to anal intercourse. The victim did not testify at the fact-finding hearing. The court, however, permitted the police officer who investigated the alleged sexual assault to testify, over objection, about the details of statements made by the victim approximately 1½ hours after the incident occurred. That was error. When admitted to show that a prompt complaint was made, the evidence is limited to the facts of the complaint and the state of mind of the declarant at the time *(Baccio v People,* 41 NY 265, 269; *People v Riggio,* 144 AD2d 951, *lv denied* 73 NY2d 981; *People v Ranum,* 122 AD2d 959, 961; *People v Mackley,* 60 AD2d 791). Evidence of the victim's detailed statements is not admissible unless the statements would qualify as spontaneous declarations or as a prior consistent statement made to bolster the witness's credibility in the face of a claim of recent fabrication *(People v Riggio, supra,* at 951; *People v Knapp,* 139 AD2d 931, *lv denied* 72 NY2d 862). Moreover, where, as here, the victim did not testify, such evidence is wholly inadmissible *(Baccio v People, supra,* at 268-269; Richardson, Evidence § 292 [Prince 10th ed]).

Family Court also improperly admitted into evidence the history portion of the victim's hospital record under the prompt complaint exception to the hearsay rule *(see, People v Jackson,* 124 AD2d 975, *lv denied* 69 NY2d 746). The hospital record is not confined to the victim's timely complaint, but rather provides a detailed report of the incident. Such error cannot be deemed harmless in view of the complainant's failure to appear as a witness at the fact-finding hearing *(People v Jackson, supra).* (Appeal from order of Monroe County Family Court, Kohout, J.—juvenile delinquency.) Present—Callahan, J. P., Denman, Green, Balio and Davis, JJ.