OPINION OF THE COURT
Stephen R. Sirkin, J.
The issue before this court is whether the unsworn testimony of a child to the commission of oral sodomy can be sufficiently corroborated by defendant’s admission to acts of sexual abuse.
Defendant was indicted on one count of sodomy in the first degree, two counts of sexual abuse in the first degree and one count of endangering the welfare of a child.
Defendant moved for dismissal of the indictment on the ground that evidence before the Grand Jury was not legally sufficient to establish the offenses charged under CPL 210.20.
*712 The unsworn four-year-old victim testified that she touched the defendant’s penis, that defendant touched her vaginal area, and that she placed her mouth on defendant’s penis.
The only other relevant and admissible evidence before the Grand Jury consisted of defendant’s admission that the victim touched his penis. There was no admission to sodomy or the count of sexual abuse alleging touching of the victim’s vagina.
CPL 60.20 requires that a defendant may not be convicted of an offense solely upon unsworn evidence. Thus, a Grand Jury indictment must be based on legally sufficient evidence and unsworn testimony must be corroborated by evidence tending to establish the crime and connecting the defendant with the commission of the crime. (People v Groff, 71 NY2d 101 [1987].)
In the instant case, the defendant’s admission that he and the victim were present at the scene of the offense establishes identity to satisfy the requirement of independent evidence connecting the defendant with the commission of the crime.
The requirement that independent evidence must tend to establish the commission of the crime is more troublesome.
In Groff (supra), there was independent evidence of the commission of rape consisting of lay observation of redness in the vaginal area, and medical observation of a vaginal rash and vaginal irritation.
Progeny of Groff (supra) rest on observable symptomatology to fulfill the independent evidence requirement. (See, People v Knapp, 139 AD2d 931 [4th Dept 1988]; People v Riggio, 144 AD2d 951 [4th Dept 1988]; People v Dunn, 149 AD2d 528 [2d Dept 1989]; People v McGuire, 152 AD2d 945 [4th Dept 1989].)
Absent such observation, does defendant’s admission to sexual abuse in the touching of the defendant’s penis by the victim tend to establish the commission of the crime of sodomy involving oral contact with defendant’s penis and the crime of sexual abuse involving touching by the defendant of the victim’s vaginal area? Does admission to one crime tend to establish the commission of another crime, consisting of different elements, absent any other evidence of the commission of the other crime, other than the unsworn testimony of the victim?
Although defendant’s statement tends to establish the crime of sexual abuse involving the touching of defendant’s penis, it does not tend to establish the commission of sodomy or other sexual abuse.
*713 To hold otherwise would tend to emasculate the rule in People v Groff (supra), that before unsworn statements can support a conviction, they must be corroborated to elevate their trustworthiness to the level associated with sworn testimony.
Count one charging sodomy in the first degree and count two charging sexual abuse in the first degree are hereby dismissed.