■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY J. BECRAFT, Appellant.—Judgment unanimously modified on the law and as modified affirmed and new trial granted on count four of the indictment, in accordance with the following Memorandum: The trial court erred in admitting, over objection, the history portion of the hospital record of one of the child victims. A hospital record may be admitted under the business record exception to the hearsay rule but admissibility is limited to entries relating to diagnosis and treatment of the patient *(People v Jackson,* 124 AD2d 975, 976, *lv denied* 69 NY2d 746; *see also, People v Archie,* 167 AD2d 925, 926, *lv denied* 77 NY2d 991; *Matter of Angel F.,* 166 AD2d 890). The narrative portion of the subject report included several statements by sisters and a brother of the victim pertaining to sexual conduct of defendant towards family members other than the patient. Those statements were not relevant to diagnosis and treatment of the patient and should have been excluded.

That error, insofar as it pertained to those counts of the indictment involving acts committed upon the female child, was harmless. The forthright eyewitness testimony of the child's brother and sister provided overwhelming proof of guilt, and there is no significant probability that, absent the erroneous admission of the hospital record, defendant would have been acquitted *(see, People v Crimmins,* 36 NY2d 230, 242). Proof relating to the fourth count of indictment, which charged defendant with committing sexual abuse upon a ten-year-old male child, was not overwhelming. As to that count, the error was not harmless. Thus a new trial is required on the fourth count.

There is no merit to defendant's contention that the evi-

dence was legally insufficient to support the conviction for sodomy. Although there were some minor inconsistencies in the testimony of the child witnesses, the testimony on the whole was consistent and credible *(see, People v Christian,* 139 AD2d 896, *lv denied* 71 NY2d 1024; *People v Stroman,* 83 AD2d 370, 373) Also without merit is defendant's assertion that his sentence is harsh and excessive. (Appeal from Judgment of Oneida County Court, Murad, J.—Sodomy, 1st Degree.) Present—Callahan, A. P. J., Denman, Green, Balio and Davis, JJ.