■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE NARVDEZ, Appellant. [595 NYS2d 74] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Lakritz, J.), rendered February 10, 1989, convicting him of murder in the second degree (two counts), robbery in the first degree (two counts), robbery in the second degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Pursuant to the defendant's *Sandoval* motion, the court ruled that the prosecutor would be precluded from questioning the defendant about his previous arrest for criminal possession of a weapon. However, by asking the defendant whether he had ever owned a gun, the defense counsel opened the door for the prosecutor to ask the defendant about his past arrest for possession of a weapon, to the extent that it was probative of the defendant's credibility *(see, People v Morgan,* 171 AD2d 698; *People v Garcia,* 160 AD2d 258, 259).

Nor does the alleged *Rosario* violation warrant reversal. When *Rosario* material cannot be produced because of its loss or destruction, and a defendant suffers prejudice, an appropriate sanction may be imposed *(see, People v Wallace,* 76 NY2d 953; *People v Martinez,* 71 NY2d 937). In this case, however, the defense counsel's request for a mistrial was inappropriate. As the trial court stated, granting a mistrial would have had no pragmatic effect since the statement would not have been available at a retrial. "Since [this was] the only sanction * * * requested by the defendant, the trial court did not improvidently exercise its discretion in denying the defendant's request" *(People v Roberts,* 178 AD2d 622, 623).

The defendant's remaining contentions, including those raised in his supplemental *pro se* brief, are either unpreserved for appellate review or without merit. Thompson, J. P., Balletta, Miller and Ritter, JJ., concur.