■ The People of the State of New York, Respondent, v Rose Marie Walden, Also Known as Rose Marie Hardgers, Appellant. [643 NYS2d 807] —Judgment unanimously affirmed. Memorandum: By requesting that Supreme Court charge criminally negligent homicide as a lesser included offense of murder in the second degree under the first count of the indictment (intentional murder) and by failing to object when the court charged criminally negligent homicide as a lesser

included offense of murder in the second degree under the second count of the indictment (depraved indifference murder), defendant waived any claim that there is no reasonable view of the evidence that she committed the lesser crime (see, People v Alvarado, 213 AD2d 1013, lv denied 86 NY2d 732). Moreover, by failing to object to the submission of that charge on sufficiency grounds, defendant failed to preserve her sufficiency challenge for appellate review (see, CPL 470.05 [2]; People v Gray, 86 NY2d 10).

The jury verdict is not contrary to the weight of the evidence (see, People v Bleakley, 69 NY2d 490, 495). This Court must "weigh the evidence in light of the elements of the crime as charged without objection by defendant" (People v Noble, 86 NY2d 814, 815). Thus viewed, the evidence supports the jury's determination that defendant created a substantial risk of her husband's death by shooting her husband and by failing to seek medical attention for him immediately after the shooting. Although the People's medical experts gave conflicting testimony regarding the likelihood that the victim could have survived the bullet wound to the heart, the jury's resolution of that conflict should not be disturbed (see, People v Gruttola, 43 NY2d 116, 122; People v DeJac, 219 AD2d 102). (Appeal from Judgment of Supreme Court, Monroe County, Mark, J.—Criminally Negligent Homicide.) Present—Denman, P. J., Pine, Fallon, Wesley and Balio, JJ.