■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRED PERMANT, Appellant. [701 NYS2d 36] —Judgment, Supreme Court, Bronx County (John Perone, J.), rendered July 8, 1997, convicting defendant, after a jury trial, of criminal sale of a controlled substance in or near school grounds, criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 8 to 16 years, unanimously affirmed.

The court's *Sandoval* ruling, permitting inquiry into whether defendant had a prior attempted robbery conviction and a prior misdemeanor conviction, while precluding inquiry into the underlying facts of these convictions, and precluding any inquiry into various other convictions, was a proper exercise of discretion. Although the attempted robbery conviction occurred 12 years prior to trial, we do not find it to be excessively remote to defendant's credibility (*see, People v Walker*, 83 NY2d 455, 459).

By making generalized objections, defendant has not preserved his present challenges to testimony regarding the sale location and its drug-prone nature, and we decline to review them in the interest of justice. Were we to review these claims, we would find that the testimony was admissible as background evidence explaining police presence and conduct (*see, People v Garcia*, 213 AD2d 249, *lv denied* 85 NY2d 973).

The challenged portions of the People's summation were not part of a pattern of objectionable comments, and any prejudice to defendant was promptly avoided by the court's curative instruction (*see, People v Galloway*, 54 NY2d 396, 399, 401).

We perceive no abuse of sentencing discretion. Concur—Sullivan, J. P., Mazzarelli, Wallach, Rubin and Andrias, JJ.