■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAMECHA HARRIS, Appellant. [711 NYS2d 370] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him after a jury trial of assault in the second degree (Penal Law § 120.05 [3]) and assault in the third degree (Penal Law § 120.00 [2]). Contrary to defendant's contention, the proof presented by the People at trial supports the theories alleged in the indictment, and the proof is legally sufficient to support the conviction (*see, People v Grega,* 72 NY2d 489, 497; *People v Spann,* 56 NY2d 469, 473). Defendant further contends that Supreme Court erred in failing to include the words "by punching him" when it instructed the jury with respect to the elements of the crimes charged in the indictment. Defendant failed to request such an instruction or to object to the charge as given, and thus his contention is unpreserved for our review (*see,* CPL 470.05 [2]). In any event, the

court's charge was proper (*see,* 1 CJI[NY] PL 120.00 [2]; 120.05 [3], [7] [2d ed]) and did not alter the theory of the crimes as charged in the indictment (*see, People v Platz,* 248 AD2d 409, *lv denied* 91 NY2d 944; *People v Loyd,* 193 AD2d 1062, *lv denied* 82 NY2d 756). The verdict is not against the weight of the evidence (*see, People v Bleakley,* 69 NY2d 490, 495; *People v Towles,* 197 AD2d 651, *lv denied* 82 NY2d 904).

By requesting that the court charge assault in the third degree as a lesser included offense of assault in the second degree under the second count of the indictment and by failing to object to the charge as given, defendant has waived his contention that the court erred in charging assault in the third degree as a lesser included offense (*see, People v Walden,* 227 AD2d 887, 887-888, *lv denied* 88 NY2d 936, 943). In any event, the court did not err. Assault in the third degree (Penal Law § 120.00 [2]) is a lesser included offense of assault in the second degree (Penal Law § 120.05 [7]; *see,* CPL 1.20 [37]), and there is a reasonable view of the evidence, viewed in the light most favorable to defendant, that defendant committed the lesser offense but not the greater (*see generally, People v Nealy,* 143 AD2d 1057).

We reject the contention of defendant that he was denied effective assistance of counsel. "[T]he evidence, the law, and the circumstances of [this] case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation" (*People v Baldi,* 54 NY2d 137, 147; *see, People v Flores,* 84 NY2d 184, 187). The sentence is neither unduly harsh nor severe. We have examined defendant's remaining contentions and conclude that they are lacking in merit. (Appeal from Judgment of Supreme Court, Erie County, Rossetti, J.—Assault, 2nd Degree.) Present—Pigott, Jr., P. J., Hayes, Wisner and Kehoe, JJ.