■■■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT McCULLOUGH, Appellant. [724 NYS2d 666] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him after a jury trial of two counts of criminal possession of a weapon in the second degree (Penal Law former § 265.03) and one count of criminal possession of a weapon in the third degree (Penal Law § 265.02 [4]). The criminal possession of a weapon in the second degree charges arose from defendant's possession of a loaded firearm with intent to use it unlawfully against two individuals, each of whom was named in a separate count of the indictment. Contrary to defendant's contention, Supreme Court did not err in refusing to include the names and locations of the individual victims as alleged in the fourth and fifth counts of the indictment when it charged the jury with respect to the elements of criminal possession of a weapon in the second degree. The court's charge was in all respects proper (*see,* CJI[NY] PL 265.03 [2d ed]) and, contrary to defendant's further contention, did not alter the theory of the prosecution as charged in the indictment (*see, People v Harris,* 273 AD2d 807, 807-808, *lv denied* 95 NY2d 964; *People v Platz,* 248 AD2d 409, *lv denied* 91 NY2d 944; *People v Horton,* 216 AD2d 913, *lv denied* 87 NY2d 902; *People v Loyd,* 193 AD2d 1062, *lv denied* 82 NY2d 756). The record establishes that defendant fired gunshots in the direction of each victim. Although the shots were fired in rapid succession and were part of the same transaction, the court did not improvidently exercise its discretion in imposing consecutive sentences. The record supports the determination of the sentencing court that "the offenses of which defendant stands convicted spring from distinct acts, not a 'single act', distinguishable by culpable mental state, nature and manner of use, time, place and victim. Thus, discretionary consecutive sentencing authority was available to the trial court" (*People v Brown,*

80 NY2d 361, 365; *see,* Penal Law § 70.25 [2]; *People v Saulters,* 255 AD2d 896, *lv denied* 92 NY2d 1038; *People v Sumpter,* 203 AD2d 605, *lv denied* 84 NY2d 833). In view of defendant's extensive prior criminal history and the serious nature of the offenses, the sentence is not unduly harsh or severe. (Appeal from Judgment of Supreme Court, Monroe County, Mark, J.— Criminal Possession Weapon, 2nd Degree.) Present—Pigott, Jr., P. J., Wisner, Scudder, Kehoe and Burns, JJ.