THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD CARFORA, Appellant. [894 NYS2d 440]—

The defendant failed to preserve for appellate review his contention that the Supreme Court erred in admitting certain testimony of the mothers of the complaining witnesses (*see* CPL 470.05 [2]; *People v Leveille,* 12 AD3d 533 [2004]). In any event, the court properly admitted testimony of the mothers as a "prompt outcry" of sexual abuse (*see People v Shelton,* 1 NY3d 614 [2004]; *People v Leveille,* 12 AD3d at 533). The court also properly admitted into evidence testimony of the mothers regarding changes in the behavior of the victims following the abuse (*see People v Groff,* 71 NY2d 101, 110 [1987]; *People v Cordero,* 257 AD2d 372, 376 [1999]; *People v Badia,* 163 AD2d 4, 6 [1990]).

The defendant's contention that the testimony of the People's expert concerning child sexual abuse accommodation syndrome impermissibly bolstered the testimony of the complaining witnesses is unpreserved for appellate review (*see* CPL 470.05 [2]). In any event, there is no merit to the contention (*see People v Carroll,* 95 NY2d 375, 387 [2000]; *People v Taylor,* 75 NY2d 277, 288 [1990]; *People v Staropoli,* 49 AD3d 568 [2008]).

The defendant's contention that the evidence was legally insufficient to support his convictions is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins,* 11 NY3d 484, 492 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon

our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero,* 7 NY3d 633 [2006]).

The defendant's remaining contentions, including those contained in his supplemental pro se brief, are unpreserved for appellate review and, in any event, are without merit. Dillon, J.P., Florio, Hall and Sgroi, JJ., concur.