# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1066**
**KA 15-01282**
PRESENT: WHALEN, P.J., SMITH, DEJOSEPH, NEMOYER, AND TROUTMAN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                             MEMORANDUM AND ORDER

RAMON A. REYES, DEFENDANT-APPELLANT.

---

THE ABBATOY LAW FIRM, PLLC, ROCHESTER (DAVID M. ABBATOY, JR., OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (SCOTT MYLES OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Monroe County (John B. Gallagher, Jr., A.J.), rendered July 27, 2015. The judgment convicted defendant, upon a jury verdict, of aggravated criminal contempt, criminal contempt in the first degree, and assault in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of aggravated criminal contempt (Penal Law § 215.52 [1]), criminal contempt in the first degree (§ 215.51 [b] [v]), and assault in the third degree (§ 120.00 [2]). The charges arose from his conduct in punching his ex-wife (hereafter, victim) in the side of the head, in violation of a no-offensive-contact order of protection, after exercising visitation with their two-year-old son. Although section 215.52 (1) also encompasses intentional conduct and the causation of serious physical injury, the People's theory on the aggravated criminal contempt count was that defendant recklessly caused ordinary physical injury to the victim.

Viewing the evidence in the light most favorable to the People, as we must (*see People v Contes*, 60 NY2d 620, 621), we reject defendant's contention that the aggravated criminal contempt and assault counts must be dismissed on the ground that the evidence is legally insufficient to establish that he acted recklessly, rather than intentionally, in causing physical injury. Defendant's act of punching the victim once in the side of the head did not demonstrate a "manifest intent to . . . injure" that would preclude a finding of recklessness (*People v Suarez*, 6 NY3d 202, 212 n 6; *see People v Harris*, 273 AD2d 807, 808, *lv denied* 95 NY2d 964; *People v Cameron*, 123 AD2d 325, 325-326; *cf. People v Russell*, 34 AD3d 850, 852, *lv*

*denied* 8 NY3d 884).  Furthermore, viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we reject defendant's contention that the verdict is against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495).  The jury was entitled to credit the testimony of the victim and reject the testimony of a defense witness who claimed that he saw the incident and that defendant did not make physical contact with the victim (*see People v Webster*, 114 AD3d 1170, 1171, *lv denied* 23 NY3d 1026).  The victim's alleged motive to fabricate her allegations likewise presented a mere credibility issue and did not render the verdict against the weight of the evidence (*see People v Burgos*, 90 AD3d 1670, 1671, *lv denied* 19 NY3d 862; *People v Pettengill*, 36 AD3d 1070, 1071, *lv denied* 8 NY3d 948).

Contrary to defendant's further contention, Supreme Court did not abuse its "wide discretion in making evidentiary rulings" when it permitted the victim to testify to statements made by the child after the incident (*People v Carroll*, 95 NY2d 375, 385).  There was evidence that the child was still under the influence of the startling event when he made the statements even if they may have been made about 10 to 15 minutes afterward, and the statements were therefore properly admitted as excited utterances (*see People v Knapp*, 139 AD2d 931, 931, *lv denied* 72 NY2d 862; *People v Kulakowski*, 135 AD2d 1119, 1119-1120, *lv denied* 70 NY2d 1007, *reconsideration denied* 72 NY2d 912; *see generally People v Johnson*, 1 NY3d 302, 306).  The fact that the child was too young to give sworn testimony (*see* CPL 60.20 [2]) does not preclude the admission of his statements as excited utterances (*see Knapp*, 139 AD2d at 931).

We reject defendant's further contention that he was deprived of a fair trial by the testimony of a police officer that defendant did not mention the defense witness to him after defendant was arrested.  While that testimony constituted improper evidence of defendant's pretrial silence (*see People v Williams*, 25 NY3d 185, 190-191), the court struck the testimony in its final charge and specifically directed the jury not to consider it in determining the credibility of the defense witness.  The jury is presumed to have followed the court's curative instruction, and we conclude that it was sufficient to eliminate any prejudice to defendant (*see People v Carmel*, 298 AD2d 928, 929, *lv denied* 99 NY2d 556; *People v Shaughnessy*, 286 AD2d 856, 857, *lv denied* 97 NY2d 688; *see also People v Clemmons*, 46 AD3d 1117, 1119, *lv denied* 10 NY3d 763).

By failing to object to the court's ultimate *Sandoval* ruling, defendant failed to preserve for our review his challenge to that ruling (*see People v Tolliver*, 93 AD3d 1150, 1151, *lv denied* 19 NY3d 968).  In any event, defendant's prior conviction for violating a restraining order was relevant to his credibility (*see People v Yelle*, 303 AD2d 1043, 1043, *lv denied* 100 NY2d 626), and we conclude that the court was not required to preclude cross-examination about it even though it was from approximately 12 years before trial and involved conduct similar to the charged crimes (*see People v Walker*, 83 NY2d 455, 459; *People v Permant*, 268 AD2d 230, 230, *lv denied* 94 NY2d 905;

*People v Kostaras*, 255 AD2d 602, 602). In addition, we reject defendant's contention that the court erred in admitting evidence that he engaged in domestic violence against the victim on a previous occasion. That evidence was relevant to establish his motive for committing the charged crimes (*see People v Dorm*, 12 NY3d 16, 19; *People v Wilson*, 55 AD3d 1273, 1273, *lv denied* 11 NY3d 931; *see also People v Cox*, 129 AD3d 1210, 1213, *lv denied* 26 NY3d 966), as well as his intent to harass or annoy the victim as an element of the count charging criminal contempt in the first degree (*see People v Wolff*, 103 AD3d 1264, 1265-1266, *lv denied* 21 NY3d 948), and its probative value outweighed its prejudicial effect (*see generally People v Alvino*, 71 NY2d 233, 241-242).

Defendant failed to object to most of the alleged instances of prosecutorial misconduct on summation, and he thus failed to preserve for our review his contention that those instances denied him a fair trial (*see People v Barnes*, 139 AD3d 1371, 1374, *lv denied* 28 NY3d 926). In any event, we conclude that any improper remarks by the prosecutor were not so pervasive or egregious as to deny defendant a fair trial (*see id.; People v Rogers*, 103 AD3d 1150, 1153-1154, *lv denied* 21 NY3d 946).

Defendant contends that Penal Law § 215.52 (1) is unconstitutional, i.e., that it violates his rights to equal protection, due process, and freedom from cruel and unusual punishment under both the State and Federal Constitutions, because it creates a single degree of crime that does not distinguish between reckless and intentional conduct, or between causation of ordinary physical injury and serious physical injury. Although defendant raised this contention in his pretrial omnibus motion, the record does not establish that the court ruled on it, and we conclude that defendant abandoned it by failing to seek a ruling (*see People v Mulligan*, 118 AD3d 1372, 1375-1376, *lv denied* 25 NY3d 1075). Here, similar to the facts of *Mulligan*, defense counsel argued other motions and obtained rulings on other applications at the outset of trial but did not seek to argue this issue; he responded "I don't think so" when asked by the court if there were any motions left to deal with; and he did not argue to the court at any time thereafter that the statute is unconstitutional. In any event, we conclude that defendant's challenge to the constitutionality of the statute is without merit. Because section 215.52 (1) does not implicate a suspect classification or a fundamental right, it must bear only a rational relationship to a legitimate governmental interest to withstand due process and equal protection scrutiny (*see People v Knox*, 12 NY3d 60, 67, *cert denied* 558 US 1011; *People v Walker*, 81 NY2d 661, 668). In our view, the Legislature could reasonably have chosen, in the interest of deterring domestic violence, to classify what would otherwise be misdemeanor assault in the third degree (§ 120.00 [1], [2]) as a class D felony where it is committed in violation of an order of protection, while also determining that the existing class D *violent* felony of assault in the second degree (§§ 70.02 [1] [c]; 120.05 [1]) is a sufficient deterrent that it was not necessary to create a greater degree of crime for the *intentional* causation of *serious* physical injury in violation of an order of protection. We further conclude that the

punishments available under section 215.52 (1) are not " 'grossly disproportionate' " to the conduct at issue, and thus that the statute does not provide for cruel and unusual punishment under either the State or Federal Constitutions (*People v Thompson*, 83 NY2d 477, 479).

Finally, we conclude that defendant was not deprived of a fair trial by the cumulative effect of the alleged errors.

Entered:  November 18, 2016                    Frances E. Cafarell
                                               Clerk of the Court